## MINOR v. LONDON GUARANTEE & ACCIDENT CO., Limited. (No. 743–4337.)

(Commission of Appeals of Texas, Section A. Feb. 10, 1926.)

**Master and servant ⊚⟹391½, New, vol. 7A Key-No. Series—Beneficiary held entitled to recover entire award, with damages and attorney's fee, on failure of compensation insurer to make weekly payments (Rev. St. 1925, art. 8307, §§ 5, 5a).**

Where compensation insurer failed to comply with order of Industrial Accident Board awarding compensation and did not make weekly payments promptly as they matured, *held*, that under Rev. St. 1925, art. 8307, §§ 5 and 5a, beneficiary was entitled to elect to mature total amount of award, and to recover such amount together with 12 per cent. damages and reasonable attorney's fee.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by H. R. Minor against the London Guarantee & Accident Company, Limited. Judgment for defendant was affirmed in part

and reversed and remanded in part by the Court of Civil Appeals (267 S. W. 1020), and plaintiff brings error. Judgments of both courts reversed, and cause remanded.

Vickers & Campbell, of Lubbock, for plaintiff in error.

Wilson & Douglas, of Lubbock, and Thomas, Frank, Milam & Touchstone and Hobert Price, all of Dallas, for defendant in error.

BISHOP, J. While H. F. Friestedt & Co., the employer of Raymond Minor, was carrying insurance with defendant in error, London Guarantee & Accident Company, Limited, under the terms and provisions of the Workmen's Compensation Law, on June 29, 1923, the said Raymond Minor, in the course of his employment, received an accidental injury, from the effects of which he died on the 7th day of July, 1923. A report of the accident and death of said Minor was duly made to the Industrial Accident Board, and defendant in error was also notified of such injury and death. Thereafter in due time plaintiff in error, H. R. Minor, filed his claim for compensation with the Industrial Accident Board. The board, having previously set the case for hearing, and all parties to the controversy having been duly notified, and appearing, on October 25, 1923, heard the case and made and entered its order as follows:

"It is therefore ordered, adjudged, and decreed by the Industrial Accident Board that the London Guarantee & Accident Company, Limited, pay to H. H. Minor compensation at the maximum rate of $20 per week for the definite and fixed period of 360 weeks, said compensation beginning to accrue on June 29, 1923, and continuing thereafter from week to week as each of said installment payments accrue and mature until the full period of 360 weeks has expired, less credit of sum total of all amounts, if any, heretofore paid on this claim by way of compensation payments."

No notice was given by either of the parties that this order would not be obeyed and complied with. The defendant in error neither paid nor offered to pay the amount due under this order, nor did it pay or offer to pay $20 each week as such sums became due, and after the expiration of 20 days from its date, and after other weekly installments had thereafter matured, the plaintiff in error, on November 30, 1923, filed this suit upon this order to establish same, electing to mature the total amount of the award made by the board, amounting to $7,200, and seeking judgment for this amount, together with 12 per cent. damages and a reasonable attorney's fee. He also by an alternative plea sought judgment requiring that compensation be made in a lump sum.

After this suit was filed, and on January 16, 1924, after about 28 weekly installments of $20 each under the terms of said order had become due, the attorneys of defendant in error wrote a letter to the attorneys of plaintiff in error, in which they stated that they were tendering $361.08 to cover under the policy "$240.00 accrued compensation to January 17, 1924; $1.80 interest; $29.01 penalties; and $90.27 attorney's fee," stating that they were "authorized to pay the costs of court accrued to date" and that thereafter defendant in error would make the payments due in accordance with the award of the board. This tender of settlement was refused. On March 6, 1924, a tender of $734 was made by defendant in error to plaintiff in error.

On the date of the trial of the cause, March 7, 1924, defendant in error made tender of the sum of $734 and asked that plaintiff in error be denied any recovery for attorney's fees or penalties, and that he be denied any recovery in excess of the sum tendered, together with judgment for the remaining installments due under the award of the board, to be paid weekly as they accrued. The court sustained an exception to the alternative plea of plaintiff in error, and rendered judgment sustaining the order of the Industrial Accident Board, and in his favor for $734, the amount tendered, and denied him the right to mature the entire claim, and to recover the 12 per cent. damages and reasonable attorney's fee. Under the evidence an issue of fact is presented as to the amount of reasonable attorney's fee.

Plaintiff in error perfected an appeal to the Court of Civil Appeals, and that court affirmed the judgment sustaining the award and allowing recovery for only $734, the amount tendered, but held that the trial court erred in sustaining the exception to the alternative plea, and reversed the judgment of the court sustaining this exception, and remanded the cause for trial on the plea seeking a lump sum settlement of the claim. 267 S. W. 1020.

Sections 5 and 5a of chapter 103, pt. 2, of the Acts of the Legislature of March 28, 1917, appear in our Revised Civil Statutes of 1925 as article 8307, sections 5 and 5a, and are as follows:

"Sec. 5. All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided. Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law and the suit of the injured employé or

person suing on account of the death of such employé shall be against the association if the employer of·such injured or deceased employé at the time of such injury or death was a subscriber as defined in this law. If the final order of the board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this law. If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision, and failing to do so the board shall certify that fact to the Commissioner of Insurance and such certificate shall be sufficient cause to justify said Commissioner to revoke or forfeit the license or permit of such association to do business in Texas. (Id.)

"Sec. 5a. In all cases where the board shall make a final order, ruling or decision as provided in the preceding section and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside as in said section is provided, then in that event, the claimant in addition to the rights and remedies given him and the board in said section may bring suit where the injury occurred, upon said order, ruling or decision. If he secures a judgment sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim.

"Where the board has made an award against an association requiring the payment to an injured employé or his beneficiaries of any weekly or monthly payments, under the terms of this law, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employé or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, together with twelve per cent penalties and attorney's fees, as herein provided for. Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit. (Id.)"

Under the foregoing provisions.of the statutes, the award of the Industrial Accident Board imposed the duty upon the defendant in error to pay according to the terms of the order made and entered by the board. It could, however, have avoided this obligation by giving notice within 20 days to the plaintiff in error and to the board that it would not abide by the order, and within 20 days thereafter filing suit to set same aside. Having failed to give such notice within 20 days, it was then obligated to pay at once the portion of the award which was by the terms of the order then due and to continue to make the weekly payments promptly as they matured. Its failure to comply with this obligation—to pay the amount due at once, and to make the weekly payments promptly as they 'matured—constituted prima facie a failure and refusal to abide by the order, and gave to the plaintiff in error the right to institute suit upon the order of the board to establish same. Under the facts as they appear in this record, plaintiff in error, having elected to mature the entire claim, had the right to do so, and was entitled to judgment, sustaining the order made by the board, maturing the entire claim, and recovering the total amount of the award shown by the order of the board, together with 12 per cent. damages and reasonable attorney's fee. Mere neglect to pay either the amount due under the order of the board, or the weekly payments as they became due, does not show justifiable cause for defeating the beneficiary's right to mature the entire claim, nor does it show justifiable cause to avoid payment of either the 12 per cent. damages or reasonable attorney's fee.

We recommend that the judgments of both courts be reversed, and the cause remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.