**TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

**Jack HILL, Appellee.**

No. 13630.

Court of Civil Appeals of Texas.

Houston.

March 2, 1961.

Rehearing Denied March 23, 1961.

Finis Cowan, Houston, Baker, Botts, Andrews & Shepherd, Houston, of counsel, for appellant.

Jim S. Phelps, Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellee, Jack Hill, against appellant under the second paragraph of Article 8307, Sec. 5a, V.A. T.S., to mature an award of the Industrial Accident Board of Texas in favor of appellee and to collect penalties and attorney's fees. From the judgment of the court maturing the award and allowing appellee 12% penalty on the matured amount and $500 as attorney's fees, appellant appeals.

The evidence shows that appellee sustained an accidental injury on May 7, 1958 and duly filed his claim. Appellant paid him weekly compensation for 29 weeks at the rate of $35 per week prior to the Board's final award. In addition to the weekly benefits that had been paid, appellant offered to pay appellee $4,000, which offer was rejected by appellee.

Thereafter, appellee employed Jim Phelps as his attorney. On February 6, 1959 the Industrial Accident Board made its final award ordering appellant to pay appellee, in addition to the 29 weekly payments for total disability, which had been paid, $22.75 per week for 184 consecutive weeks, and $12.25 per week for two weeks, and further ordering appellant to deduct from the award and pay to appellee's attorney a fee on the unpaid portion of the award in the

amount of 15% of the amount ordered paid. On February 10, 1959 appellee filed with the Board notice of intention to appeal from the Board's award. However, appellee did not appeal from the award and on March 2, 1959 the Board's award became final. The present suit was filed March 19, 1959.

The second paragraph of Article 8307, Sec. 5a, upon which appellee's suit is based, reads as follows:

"Where the board has made an award against an association requiring the payment to an injured employe or his beneficiaries of any weekly or monthly payments, under the terms of this law, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employe or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, together with twelve per cent penalties and attorney's fees, as herein provided for. Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit."

It is appellant's contention in essence that appellee failed to introduce any evidence that appellant had no justifiable cause for failing to comply with the Board's award, and that the trial court's finding there was no justifiable cause is against the great weight and preponderance of the evidence. It is further appellant's contention that the burden of proof was on appellee with respect to justifiable cause and that the court erred in holding that appellee had no duty to advise appellant that he had changed his mind after giving notice of his intention to appeal.

There is no merit in appellant's contentions. It is not disputed that appellant failed to pay compensation as ordered to do by the Board. The fact that appellant had, prior to employment of an attorney by appellee, offered to pay appellee $4,000 in addition to the 29 payments that had been made, is of no materiality. The offer was unequivocally rejected and hence was terminated. 10–A Tex.Jur., p. 42 § 17. The fact that appellant, as asserted by it, would have promptly begun payments as ordered by the Board had it been requested to do so or had appellee advised it of his intention not to appeal from the award, is also immaterial unless appellee had the duty of so advising appellant in this adversary proceeding.

It is our view that appellee labored under no such duty. Appellee's attorney testified that the notice of intention to appeal from the award was given by his secretary under his orders as a routine office practice. After such notice had been given, appellee and his attorney conferred and decided as they had a right to do, that they would take no appeal. Appellant knew or was charged with knowledge that appellee was under no duty to file suit pursuant to such notice given the Board. Appellee had no direct contacts with appellant or its agents and neither he nor his attorney promised or advised appellant that they intended to appeal or would appeal from the award. Article 8307, Sec. 5, V.A.T.S., clearly indicates that the party who has given notice to appeal, might change his mind. It provides in part:

"If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; * * *"

There is no pleading or evidence of estoppel in this case. Appellant merely pleads that being informed by the Board of appel-

lee's intention to appeal from the Board's award, it had the right to assume that appellee and his attorney were dissatisfied with the award and would file suit to set it aside, and that their failure to demand payment of compensation in accordance with the award constituted justification for appellant's non-compliance therewith. The trial court's finding to the contrary is amply supported by the evidence. Appellant was advised of the award. It could not throw upon appellee the responsibility of advising it of any change of mind with respect to an appeal. It had no right to assume that appellee would not change his mind and decide to accept benefits under the award. It could have readily protected itself against its present predicament by simple inquiry which would have disclosed the facts, or by giving notice to appeal and timely filing suit.

We think this case is governed by Minor v. London Guarantee & Accident Co., Tex. Com.App.1926, 280 S.W. 163, 165, in which the Court stated with respect to a delay of about two weeks in making payments following the date the award became final:

"Mere neglect to pay either the amount due under the order of the board, or the weekly payments as they became due, does not show justifiable cause for defeating the beneficiary's right to mature the entire claim, nor does it show justifiable cause to avoid payment of either the 12 per cent. damages or reasonable attorney's fee."

In Dixon v. United States Fidelity & Guaranty Co., Tex.Civ.App., 293 S.W. 291, writ dism., the Court held that neglect of 4 days is no more justifiable than the neglect of two weeks under the terms of the statute. The Court reversed the trial court's judgment and rendered judgment in favor of the employee maturing the award and for 12% damages and attorney's fees. The fact that in the Dixon case neither party gave notice of appeal is of no controlling significance. See also Texas Employers' Ins. Ass'n v. Harrington, Tex.Civ.App., 61 S.W.2d 167, where there was a delay of only 5 days between the date the award became final and the date suit was filed, and the Court affirmed the trial court's judgment maturing the board's award.

The statute requires that the payments be made promptly as they mature under the award. Failure to make such payments, although there is no refusal on the part of the carrier to do so, gives the injured employee or his beneficiaries the right to mature the award. In the instant case the award became final on March 2, 1959 and no payment was made from that date up to the time suit was filed on March 19, 1959, 17 days later.

The case of Maryland Casualty Co. v. Lewis, 1952, 151 Tex. 480, 252 S.W.2d 155, 157, relied upon by appellant, merely holds that the statutory requirement that the carrier pay the Board's award at once, is not violated by a delay of 9½ hours, most of them passing during the darkness, and but one hour and thirty minutes passing before the general business day opened and only thirty minutes of them remaining when the banking day began. The Court stated:

"In that conclusion we make no quarrel with Minor v. London Guarantee & Accident Co., Ltd., Tex.Com.App., 280 S.W. 163; Dixon v. U. S. Fidelity & Guaranty Co., Tex.Civ.App., 293 S.W. 291, error dismissed, and Texas Employers Ins. Ass'n v. Harrington, Tex. Civ.App., 61 S.W.2d 167, in which it is held that payment of awards made in 15 days, 4 days and 5 days, respectively, after the award became final was not payment at once."

We have carefully examined the entire record and are of the opinion that the trial court's finding that appellant had no justifiable cause for failure to comply with the Board's award is not contrary to the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660: Tudor v. Tudor, 1958, 158 Tex. 559, 314 S.W.2d 793. Upon appellant's

failure to comply, suit to mature the award was available to appellee, absent proof of justifiable cause. Middlebrook v. Texas Indemnity Ins. Co., Tex.Civ.App., 112 S.W. 2d 311. Appellant pleaded facts which it asserted constituted justifiable cause and it had the burden to prove the same. Its failure to make prompt payments constituted prima facie a failure to comply with the Board's award. Minor v. London Guarantee & Accident Co., supra.

There being no reversible error in the case, the judgment of the Trial Court is affirmed.