TRAVELERS INSURANCE COMPANY, Petitioner
v.
JACK HILL, Respondent

No. A-8389. Decided November 22, 1961
Rehearing Overruled December 20, 1961
351 S.W. 2d 530

ASSOCIATE JUSTICES NORVELL, CULVER, WALKER, and HAMILTON dissented.

*Baker, Botts, Andrews & Shepherd, Finis Cowan,* Houston, with above firm, for petitioner.

*Davis, Phelps, Liles, Norton & Gray,* Houston, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a suit to mature a workmen's compensation award under Article 8307, Sec. 5a, Vernon's Annotated Texas Civil Statutes, which provides that when the Industrial Accident Board enters an award requiring the insurance carrier to make weekly or monthly payments to an injured employee and the carrier thereafter fails or refuses, "without justifiable cause" to continue to make such payments promptly, the injured employee may bring suit to mature the award; that is, collect the full amount thereof, plus attorney's fees and recover a twelve percent penalty.

Judgment in the district court was for the injured employee and such action was affirmed by the Court of Civil Appeals.

See Travelers Insurance Company v. Jack Hill, Texas Civ. App., 344 S.W. 2d 208. Travelers, the insurance carrier as petitioner here, submits one point only, viz: the Court of Civil Appeals erred in holding that under the facts of this case a penalty could be imposed on the insurer even though the delay in making payment was desired and induced by respondent and his counsel. This point raises the question of whether or not the trial judge's findings of fact support his conclusion of law.

From the findings of fact and the undisputed evidence, it appears that Jack Hill was accidently injured while working for the Sebastial Corporation. Pending action by the Industrial Accident Board, the insurance carrier paid Hill compensation for 29 weeks at the rate of $35.00 per week. On February 6, 1959, the Board made its final award whereby the carrier was ordered to pay to Hill certain weekly sums for a period of total disability followed by further sums payable weekly for permanent partial disability. On February 10 Hill filed with the Industrial Accident Board his notice of intention to appeal from the Board's award. However, he did not perfect the appeal with the result that the Board's award became final on March 2. Article 8307, Sec. 5, Vernon's Annotated Texas Civil Statutes. Seventeen days later, on March 19, this suit was filed.

Travelers made no attempt to ascertain from Hill or his attorney whether or not a suit had been filed in the district court. Had it done so at any time after March 2 it would have ascertained that Hill was going to abide by the Board's award. Based upon these facts, the court concluded that the period of seventeen days' delay (from March 2 to March 19) was without justifiable cause and rendered judgment maturing the award with penalty and attorney's fees. As above indicated, the Court of Civil Appeals affirmed.

■ The case of Minor v. London Guarantee & Accident Co., Limited, Texas Com. App., 280 S.W. 163, (holdings approved by the Supreme Court), is authority for the proposition that when an award is made by the Industrial Accident Board, and *no appeal is taken therefrom,* and the carrier failed to make payments promptly in accordance with the award, the claimant may mature the award under the provisions of Article 8307, Sec. 5a. We are not disposed to depart from that holding. As pointed out by the Court of Civil Appeals, the later holding of this Court in Maryland Casualty Co. v. Lewis, 151 Texas 480, 252 S.W. 2d 155, in no way militates against the doctrine stated in the Minor case. See also Dixon v. United States Fidelity &

Guaranty Co., Texas Civ. App., 293 S.W. 291, wr. dism., and Texas Employers' Ins. Ass'n. v. Harrington, Texas Civ. App., 61 S.W. 2d 167, no writ history.

■ We accordingly reach the question as to the legal effect of respondent's giving notice of appeal from the Board's award, but not perfecting such appeal and then failing to notify petitioner of such action, or demand payment of the award. In our opinion the rule is that when notice of appeal has been given and not perfected, the award may be matured whenever it is made to appear that the carrier knew or should have known, by the exercise of reasonable diligence, that the award of the Board had become final and payable.

■ In this case it may be assumed that the carrier had no actual knowledge that the award of the Board had become final. The trial court however made numerous findings to the effect that it should have known that the award was final and hence due and payable prior to March 19, when the suit to mature the award was filed. There is evidence supporting these findings. There is also evidence to support the trial court's finding that the delay in payment of the award was without justifiable cause. The fact that the respondent gave notice of appeal from the Board's award may work some change in the factual pattern disclosed in Minor v. London Guarantee & Accident Company, supra, in that the carrier may not have been chargeable with notice of the finality of the award immediately upon the expiration of the statutory twenty-day period for perfecting an appeal by filing suit in the district court. But here, as above pointed out, the last date for filing suit was March 2, yet the petitioner, although it had not been served with citation in a district court suit, waited seventeen days from March 2 until March 19, the date the maturity suit was filed, taking no action whatsoever. The trial court could well conclude that this delay in making proper inquiry as to the status of the award was without justifiable cause. It was said in the Minor case that "mere neglect to pay either the amount due under the order of the Board, or the weekly payments as they became due, does not show justifiable cause for defeating the beneficiary's right to mature the entire claim, nor does it show justifiable cause to avoid payment of either of the 12 percent damages or reasonable attorney's fee."

■ Petitioner contends that respondent's action in giving notice of his intention not to abide by the decision of the Board and then failing to file suit in the district court constitutes a form of entrapment. It points to evidence that respondent and his

attorney were both hopeful that petitioner would overlook the fact that no appeal had been perfected and thus give respondent grounds for maturing the award. The trial judge found that when respondent filed his notice of intention of appeal it was not done with any intent on the part of respondent or respondent's attorney to mislead the petitioner, but the notice of an intention to appeal was filed with the Board in good faith. The fact that when respondent subsequently decided not to perfect his appeal he entertained hopes that the insurance carrier would fail to resume weekly payments in accordance with the award and thus allow him to file a suit to mature the award cannot make the case one of entrapment or bad faith, as a matter of law, and thus permit this Court to disregard the trial judge's findings as having no factual basis.

■ Further, we cannot say that respondent was required to demand payment of the Board's award or notify the petitioner of his decision to abandon his proposed appeal and abide by the award. This for the reason that the statute nowhere required such demand or notice. Under certain circumstances some delay in payment may be permissible. The statute does not make a demand for payment necessary to render the claim due and payable. This Court, in discussing Secs. 5, 5a of Article 8307, Vernon's Annotated Texas Civil Statutes, providing that in the event of no suit being filed to set aside an award against the compensation carrier, held in the case of Maryland Casualty Co. v. Lewis, supra, "it shall *at once* comply." " * * * The phrase *at once* has often been distinguished from other words or phrases importing immediate or instantaneous action, and in doing so the 'courts have declared without qualification that it signified in a reasonable time.' 7 C.J.S., at p. 160. And see 4 Words and Phrases, p. 682 et seq. * * *" There is evidence that supports the trial court's judgment herein. If such demand under certain circumstances should be required, that is a matter for the legislative branch of the government.

The judgments of the district court and the Court of Civil Appeals are affirmed.

Opinion delivered November 22, 1961.

NORVELL, Justice, dissenting.

Considering that a notice of appeal from the Board's award had been given by respondent, it seems that he should have notified the insurance carrier of his subsequent decision to aban-

don the appeal and abide by the award. This for the reason that Article 8307, Sec. 5a, Vernon's Ann. Texas Stats., is highly penal in nature, and has for its purpose the punishment of an insurer for an inexcusable refusal to pay an award. Maryland Casualty Co. v. Lewis, 151 Texas 480, 252 S.W. 2d 155. It is not designed to provide windfalls as a reward for procedural vigilence or the lack thereof. The trial judge found that "the only reason why the Travelers Insurance Company did not commence the payment of benefits to Hill, in accordance with the award of the Industrial Accident Board, was because they received and relied upon a notice of intention to appeal from the award of the Industrial Accident Board mailed, prepared and filed by counsel for plaintiff."

The record clearly indicates that had the insurance company known that the award was due and payable, that is, that respondent had abandoned his appeal, payment would have been forthcoming. Even before the Board had taken action the carrier had admitted liability and offered to settle the claim by paying $4,000 in addition to the weekly payments theretofore made to respondent. It is likewise apparent that respondent did not notify the carrier that he had abandoned his appeal because he hoped that the insurance company would overlook this circumstance, and thus allow him to mature the award and collect a penalty and attorney's fees. While the decision of this case should not rest upon such factors as hopes and emotional attitudes, the facts of this case point up a situation that is not conducive to open and above-board dealings, to say the least. In ordinary business transactions when a person takes a certain action which will place another within his debt, he is generally expected to notify such party of his action. There is no reason why this usual standard of business conduct should not be applied in the present case. The last word the carrier had from Hill was that he, Hill, intended to sue in the district court and not abide by the award of the Industrial Accident Board. Before saddling the carrier with a penalty, it seems fair and equitable to require Hill to make known his change in position and the fact that he had decided to abide with the decision of the Board.

It is Hill's position that the insurance carrier should have maintained a "cat at the rat hole" type of vigilance in order to avoid a penalty. It is argued that the carrier knew that Hill must file suit in the district court within twenty days after the filing of notice that he would not consent to abide by the final ruling of the Industrial Accident Board and therefore shortly after March 2 the insurance company, as it had not been served with

citation in a district court suit, should have known that Hill had changed his mind and thereupon should have started paying him the installments awarded by the Board. It would seem much simpler and more in accordance with usual business dealings if the one changing his mind would notify the other party of that fact so that the contractual obligations incident to such change of mind could be promptly carried out.

The punitive liability of the statute under the facts of this case has been visited upon the insurance carrier, not as a result of a willful or wrongful refusal to perform, but upon a mere inadvertance which resulted in a failure to ascertain the intentions of a party who in good faith and conscience should have made his intentions clearly known.

Article 8307, Sec. 5a provides for a penalty, Maryland Casualty Co. v. Lewis, 151 Texas 480, 252 S.W. 2d 155, and hence should be strictly construed. 50 Am. Jur. 432, Statutes Sec. 408. The Legislature sought to secure the prompt payment of insurance claims by providing a penalty for an inexcusable delay. However, it is not necessary in order to serve the statutory purpose to impose a penalty for nonaction which is in no sense willful and could have been wholly avoided by making a simple demand for payment. When a fair construction will accomplish the legislative purpose, a harsh construction should be avoided.

We are unable to agree with the Court of Civil Appeals that respondent's giving notice of appeal from the action of the Industrial Accident Board does not distinguish this case from Minor v. London Guarantee & Accident Co., Texas Com., 280 S.W. 163; Dixon v. United States Fidelity & Guaranty Co., 293 S.W. 291, wr. dis., and Employers' Insurance Ass'n. v. Harrington, Texas Civ. App., 61 S.W. 2d 167. In all three of these cases cited, it clearly appears that neither the injured employee nor the insurance carrier gave notice of an intention not to abide by the award. Accordingly, there was no action taken by the claimant which could have misled the carrier in any way. These cases are authority only for the narrow proposition that when neither side gives notice of appeal, the award of the Industrial Accident Board becomes final when the time for giving notice of appeal expires and hence a failure of the carrier to promptly abide by such award and make payments in accordance therewith constitutes a basis for maturing the award under the provisions of Article 8307, Sec. 5a.

I respectfully dissent from the order of the Court which affirms the judgments of the courts below.

ASSOCIATE JUSTICES CULVER, WALKER and HAMILTON join in this dissent.

Opinion delivered November 22, 1961.