**AETNA INSURANCE COMPANY,**
Appellant,

v.

**Richard N. SPRADLEY, Appellee.**

No. 6052.

Court of Civil Appeals of Texas.

El Paso.

Oct. 29, 1969.

Rehearing Denied Nov. 19, 1969.

Keys, Russell, Watson & Seaman, M. W. Meredith, Jr., Corpus Christi, for appellant.

Edward P. Bolding, Webb & Stokes, San Angelo, Howard L. Hardegree, Alpine, for appellee.

## OPINION

WARD, Justice.

This is a plea of privilege appeal from the District Court of Brewster County. Richard N. Spradley filed suit on an award of the Industrial Accident Board seeking the full amount of the award, 12 per cent penalty, and attorneys' fees. Aetna filed its plea of privilege to the effect that venue lay only in Duval County, the plea being overruled by the trial court. Aetna has taken this appeal from that interlocutory order.

For the purposes of considering the plea of privilege only, the facts were stipulated and were found by the trial court in its order overruling the plea of privilege. These facts are: (1) that the Industrial Accident Board award, upon which Richard N. Spradley's suit is based, arose out of an injury which Richard N. Spradley received in Duval County, Texas; (2) that at the time he received said injury, Richard N. Spradley resided in Dallas County, Texas; (3) that Richard N. Spradley presently resides in Brewster County, Texas, and Richard N. Spradley resided in Brewster County, Texas when he filed the above lawsuit; (4) that a true and correct copy of the Industrial Accident Board award, dated the 30th day of September, 1968, upon which this lawsuit is based, is made a part of the stipulation and order; (5) that Aetna Insurance Company made no payment to Richard N. Spradley under the Industrial Accident Board award between the date of said award and the date this lawsuit was filed. The Industrial Accident Board's order required payment in one lump sum amount.

This appeal is based wholly on the proper construction of section 5a of Article 8307, Vernon's Ann.Civ.St., the pertinent portions of the section being as follows:

"In all cases where the board shall make a final order, ruling or decision * * * and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside * * * then * * * the claimant * * * may bring suit where the injury occurred, upon said order, ruling or decision * * *

"Where the board has made an award against an association requiring the payment * * * of any weekly or monthly payments * * * and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employe * * * shall have the right to mature the entire claim and to institute suit thereon * * *. Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, * * * at the time of the institution of the suit."

It is Aetna's contention that the first paragraph of section 5a controls this appeal as, admittedly, the controversy here is one where the carrier allegedly has failed to comply with the Board's order; therefore, suit lies in Duval, the county of injury; that a different purpose is evident in the second paragraph of section 5a, which covers only an order requiring "weekly or monthly payments", and then only when the insurance carrier fails "to continue to make said payments promptly as they mature", in which event the claimant is given the right to file suit "to mature the entire claim" and he has a choice of sites, including his own county of residence; that unless the above construction is adopted, the venue provision in the first paragraph of section 5a would be meaningless.

Certain language contained in the opinion of Preston v. Traders & General Ins. Company, 329 S.W.2d 129 (Beaumont, Tex.Civ.App.1959, ref. n.r.e.) supports the view of Aetna on first reading. We are in agreement with that opinion wherein it holds that the benefits provided for a claimant of maturity, penalty and attorneys' fees under section 5a of Article 8307

are not applicable where the employee has already recovered a final judgment in district court for injuries sustained by him under the Workmen's Compensation Act, and hence he could not bring another district court action to mature the payments and collect the penalties and attorneys' fees. Section 5a is only applicable where the award of the Industrial Accident Board has become final and has not been appealed to the proper court. In the cited case, the court properly affirmed the judgment of the trial court dismissing the suit.

The question now presented to us was not before the court in the Preston case, supra. The case more closely in point seems to be that of Texas Employers' Ins. Ass'n. v. Harrington, 61 S.W.2d 167 (Eastland, Tex.Civ.App.1933, dism.agr.), where the claimant resided in one county and was injured in another county. The suit involved a weekly installments award, but the insurance company contended that suit should have been brought, under paragraph 1 of section 5a, in the county of injury, since the claimant's suit was based upon an alleged "failure to pay any installment under the award" and was not based upon a "suspension of payments theretofore made under the award". The court there held, and we think correctly, that the second paragraph is peculiarly applicable, the opinion containing the following language:

"The point seems not to have been directly passed on, but we do not believe it involves any difficulty. The different paragraphs of section 5a are not in conflict with each other. The second paragraph is more comprehensive than the first, and by its own terms it is made especially applicable to suits arising under section 5a. The last sentence in the second paragraph specifically states: 'Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit.'"

Though writ was granted in that case, and the case later settled, it has since been cited two times by the Supreme Court with general approval, though on other matters. See Travelers Insurance Company v. Hill, 163 Tex. 81, 351 S.W.2d 530 at p. 531; and Maryland Casualty Co. v. Lewis, 151 Tex. 480, 252 S.W.2d 155 at 157.

■ A logical view of our present problem favors the adoption, as our decision, of the quoted language in the Harrington case, supra. The fundamental rule of construction requires that a statute be construed as a whole and that all of its parts be harmonized, if possible, so as to give effect to the entire act according to the evident intention of the Legislature. 53 Tex.Jur.2d 229. In the light of the fact that the permissive word "may" is used throughout the paragraph, we construe the statute as allowing the last sentence to refer to the entire section. This construction takes nothing away from the first paragraph, but simply adds to it. The permissive word "may" in the first paragraph certainly does not prohibit any additional remedy that is allowed later in this section. The last sentence of the section refers by its own terms to section 5a, not to the last paragraph of section 5a.

■ In a suit to compel the carrier to comply with the award, it is reasonable to believe that the Legislature intended that it might be tried in the claimant's county of residence. The issue as to why the award was not paid, the amount of reasonable attorneys' fees, and the possible penalty, if any, are the only questions before the court. The Act is to be liberally construed to effectuate its beneficial purpose, in favor of the injured employee. On the other hand, suit to set aside the Board's award normally should be brought in the county of injury. Such a suit of necessity involves the fact of the accident, the issue of the injury, and the wages of the claimant, all of which may be established with less expense, trouble and delay in the county where the injury occurred, rather than in

any other county. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084.

The order of the trial court overruling the plea of privilege is in all things affirmed.