United States Court of Appeals,

Fifth Circuit.

No. 92-5268.

Harold HARRIS, Plaintiff-Appellant,

Liberty Mutual Insurance Group, Intervenor-Plaintiff,

v.

Earl E. MICKEL, Defendant-Appellee,

Harold Harris, Intervenor-Defendant.

March 3, 1994.

Appeal from the United States District Court for the Eastern District of Texas.

Before POLITZ, Chief Judge, REYNALDO G. GARZA, and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This personal injury case raises several questions concerning the district court's award of interest to the plaintiff.

I

This case arises out of a personal injury to the plaintiff-appellant, Harold Harris, that resulted from an automobile accident on January 11, 1989, caused by defendant-appellee Earl Mickel. On February 6, 1989, Harris made a settlement demand on Mickel, giving Mickel written notice of this claim. Over one year later, on March 12, 1990, Mickel made an offer to settle with Harris for $65,000. Harris rejected the settlement offer four days later, on March 16.

On January 8, 1991, Harris filed this suit in state district court in Smith County, Texas. Subsequently, Mickel removed the action to the United States District Court for the Eastern District of Texas on the basis of diversity of citizenship. After a jury trial, the district court entered a judgment on the jury's verdict and later entered an amended final judgment.

The amended final judgment awarded Harris $77,000 in past damages and $123,000 in future damages. The court granted prejudgment interest on the past damages only. It calculated the interest on past damages of $12,000, which is the difference between the $77,000 past-damage award and

the $65,000 settlement offer.  In addition, the court also awarded post-judgment interest.  The court awarded all interest at the federal statutory post-judgment interest rate of 3.417.

Harris appeals and argues that he is entitled to a greater award of interest.

## II

On appeal, Harris contends that the interest on his damages should be increased because the trial court erred in several respects:  Primarily, he asserts that the trial court misconstrued the Texas prejudgment interest statute.  (A) He contends that the district court should have awarded him prejudgment interest not only on past damages, but on future damages also;  (B) he contends that the district court miscalculated the credit that Mickel was due for his settlement offer;  and (C) he contends that the trial court erred by awarding interest at the rate of 3.417 under the federal statute instead of at the rate of ten percent under the Texas statute.  We hold that the district court did misconstrue the Texas prejudgment interest statute in several respects.  We therefore find it necessary to remand to correct the judgment.

## A

State law governs the award of prejudgment interest in diversity cases.  *Federal Sav. & Loan Ins. Corp. v. Texas Real Estate Counselors, Inc.,* 955 F.2d 261, 270 (5th Cir.1992);  *Bartholomew v. CNG Producing Co.,* 832 F.2d 326, 330-31 (5th Cir.1987).  Harris complains that the district court erred in its application of the Texas prejudgment interest statute, TEX.REV.CIV.STAT.ANN. art. 5069-1.05, § 6 (Vernon's Supp.1993).  We review the trial court's conclusions of law *de novo.  Pullman-Standard v. Swint,* 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982).

As previously noted, the district court in this case granted prejudgment interest on only past damages only.  Harris contends, however, that the district court erred in its application of the Texas prejudgment interest statute:  Harris argues that under the applicable Texas statute, the district court should have awarded him prejudgment interest on future damages also.  On this issue, we reverse the district court.

The Texas Supreme Court recently addressed precisely this issue in *C & H Nationwide, Inc. v. Thompson,* --- S.W.2d ----, 37 Tex.Sup.Ct.J., 149 (Nov. 24, 1993).  The divided opinion of the

Texas Supreme Court in *C & H Nationwide* affirmed the lower court's grant of prejudgment interest on future damages under the Texas prejudgment interest statute. In this diversity case, we follow the dictates of the state's highest court, and we therefore reverse the district court in its granting prejudgment interest on past damages only.

B

Harris next contends that the district court erred in calculating the interest that it did award on past damages. The district court's amended final judgment awarded prejudgment interest on only $12,000, which was the difference between the past damages award of $77,000 and the $65,000 settlement offer made by Mickel. The amended final judgment provided for accrual of that prejudgment interest from August 6, 1989 (180 days after Mickel received notice of the claim) to November 11, 1992 (the day preceding the date of the amended final judgment).

The questions presented are whether the district court erred under the Texas statute by commencing its credit of the settlement offer on August 6, 1989, although Mickel did not offer to settle the claim until March 12, 1990; and, next, whether the court erred by allowing the credit to continue until final judgment—to November 11, 1992—although Harris rejected Mickel's settlement offer on March 16, 1990.[1]

The Texas prejudgment interest statute, in pertinent part, provides:

> Sec. 6. (a) Judgments in wrongful death, personal injury, and property damage cases must include prejudgment interest.... [P]rejudgment interest accrues on the amount of the judgment during the period beginning on the 180th day after the date the defendant receives written notice of a claim or on the day the suit is filed, whichever occurs first, and ending on the day preceding the date judgment is rendered.
>
> ....
>
> (c) If judgment for a claimant is more than the amount of the settlement offer by the defendant, prejudgment interest does not include prejudgment interest on the amount of the settlement offer for the period during which the offer may be accepted.

TEX.REV.CIV.STAT.ANN. art. 5069-1.05, § 6(a), (c) (Vernon's Supp.1993).

It is clear that under this statute Mickel was entitled to have his settlement offer credited, to

---

[1]Harris contends that the district court erred by not granting his request for a hearing on this matter in the trial below. We cannot say that the district court abused its discretion in denying this request.

some extent, against the ultimate damage award for the purpose of calculating prejudgment interest; the district court, however, should not have credited the settlement-offer for the months preceding Mickel's offer to settle. The interest calculation should have included a settlement-offer credit only "for the period during which the offer may [have been] accepted." Thus, interest should have begun to accrue on the full $77,000 past-damage award on August 6, 1989, and it should have continued to accrue at that amount until March 12, 1990, when Mickel first offered to settle. Beginning on that date, the value of the offer could appropriately be credited against the damage award—the only question being, for what period of time.

It seems to us quite clear that under the facts here, the credit applied should have ended on March 16, 1990, the date that Harris rejected Mickel's offer. This is true because, under Texas law, once an offer is rejected, the general rule is that the offer is thereby terminated, and consequently it cannot be accepted. *U.S. v. Simpkins,* 313 F.Supp. 1045, 1047 (E.D.Tex.1970); *Travelers Ins. Co. v. Hill,* 344 S.W.2d 208, 209 (Tex.Civ.App.—Houston) *aff'd,* 163 Tex. 81, 351 S.W.2d 530 (1961). Harris rejected Mickel's offer to settle on March 16, four days after Mickel made the offer. Under the language of the statute, the credit should have applied only until that date—only "for the period during which the offer may [have been] accepted." Thus, the interest should have been calculated only on the $12,000 during the four-day period from March 12 to March 16. After that, the interest should have once again been calculated on the full damage award of $77,000.[2]

---

[2]Harris contends that during these four days, Mickel should have received a credit in the amount of $17,000, the "value" of the offer, instead of $65,000, which was the stated dollar amount of the offer. Harris makes this argument because there was a $48,000 worker's compensation lien on his recovery, and he argues that because only $17,000 of the settlement would have been his to keep, then the "fair market value" of the offer, at least as to him, was only $17,000. We disagree.

The Texas statute provides that "[i]f a settlement offer is made for other than present cash payment at the time of settlement," then the "fair market value of the settlement offer" should be used to calculate prejudgment interest. TEX.REV.CIV.STAT.ANN. art. 5069-1.05, § 6(f) (Vernon's Supp.1993).

First, we hold that Harris's argument is without merit because Mickel's settlement offer was not for anything "other than cash payment" It was not, for example, designed to be paid in monthly installments. Therefore, the present situation does not fall within the statutory language. Second, we find that Harris's argument fails, logically, because "fair *market* value" could not affected by Harris's *subjective* value based on his intended use of

C

The last question concerning the prejudgment interest is what interest rate should have been applied. The district court's amended final judgment apparently employed a 3.417 prejudgment interest rate.[3] Harris argues, however, that the statutory scheme designed by the Texas Legislature was intended to provide a minimum prejudgment interest rate of ten percent. We agree, and we hold that the Texas ten percent minimum interest rate should apply for the calculation of prejudgment interest in this case.

The problem presented here is created by Texas's statutory scheme: First, the statute establishes a *minimum* post-judgment interest rate of ten percent, *see* TEX.REV.CIV.STAT.ANN. art. 5069-1.05, § 2 (Vernon's Supp.1993); the statute then mandates that the prejudgment interest rate shall be the same as the post-judgment interest rate applicable in any given case, *see* TEX.REV.CIV.STAT.ANN. art. 5069-1.05, § 6(g) (Vernon's Supp.1993). In a diversity case such as this one, the federal post-judgment interest statute must apply;[4] there is, however, no federal prejudgment interest statute. It is clear, therefore, that, in the absence of a federal statute, the Texas prejudgment interest statute should be applied in this case. A literal application of the Texas prejudgment interest statute, however, would set the prejudgment interest rate equal to the federal post-judgment interest rate, which is less than the ten percent minimum that would be applicable if the case were in Texas state court.

As we previously noted in *Federal Sav. & Loan Ins. Corp. v. Texas Real Estate Counselors,*

the money.

[3]The amended final judgment expressly awards 3.417 post-judgment interest, according to federal statute, and then expressly states that the prejudgment interest rate shall be the same as the post-judgment interest rate, according to Texas statute.

[4]Harris contests this point on appeal, but his claim clearly has no merit. In this diversity case, it is true that we are to apply the substantive law of Texas. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). But as this court stated in *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.,* 848 F.2d 613, 622-24 (5th Cir.1988), post-judgment interest is better characterized as procedural because it confers no right in and of itself. *Id.* at 623. Thus, the federal statutory rate of 3.417 is applicable in this diversity case regardless of otherwise applicable state law. *See Federal Sav. & Loan Ins. Corp. v. Texas Real Estate Counselors, Inc.,* 955 F.2d 261 (5th Cir.1992); *Nissho-Iwai,* 848 F.2d at 622-24.

*Inc.,* 955 F.2d 261, 270 (5th Cir.1992), the Texas Legislature surely did not intend for a plaintiff's "prejudgment interest rate [to] be the same as the rate of post-judgment interest" even when that rate in a given case is less than the designed ten percent merely because the case was brought in federal court. Thus, as has apparently been conceded by Mickel in his brief, the prejudgment interest rate that should be applied in this case is the ten percent minimum obviously intended by the Texas statutory scheme.[5]

### III

In sum, the district court erred under the Texas statute by failing to enter an award of interest that would have given Mickel only four days interest credit for his settlement offer, and the district court should have applied the Texas statute's ten percent minimum interest rate for the prejudgment interest award. Furthermore, according to the Texas Supreme Court's recent decision in *C & H Nationwide,* Harris is entitled to receive prejudgment interest on future damages as well as on past damages. In all other respects, we find no reversible error. For the foregoing reasons, the judgment of the district court is hereby

AFFIRMED as modified and REMANDED for entry of judgment consistent herewith.

---

[5]We should note a distinction between *Texas Real Estate* and our case today: The district court in *Texas Real Estate* applied the Texas ten percent minimum; whereas, the district court in the present case applied the lower federal rate. In *Texas Real Estate,* after concluding that the Texas legislature did not intend for the prejudgment interest rate to vary according to whether a case was brought in state or federal court, we held that the district court did not abuse its discretion in applying the Texas minimum rate. That holding, it would seem, implicitly left open whether a district court would abuse its discretion by awarding prejudgment interest at the federal rate instead of applying the Texas minimum.

We find the underlying reasoning of *Texas Real Estate* to be persuasive. Moreover, if we determined that the prejudgment interest rate to be applied is solely within the district court's discretion, then the prejudgment interest rate would vary in the federal system from district to district and from case to case, according to the preference of the particular judge. Such a result is unacceptable. Thus, we apply the logic of *Texas Real Estate* and consider its holding to be precedent for our holding today that the Texas statutory minimum rate of ten percent is the applicable prejudgment rate for this judgment.