## MIDDLEBROOK v. TEXAS INDEMNITY INS. CO.*

### No. 12558.

Court of Civil Appeals of Texas. Dallas.

Dec. 18, 1937.

Rehearing Denied Jan. 22, 1938.

Hoyet A. Armstrong, of Dallas, for appellant.

Wm. Roy Anderson, of Cleburne, for appellee.

YOUNG, Justice.

Appellant filed suit in the district court of Hunt county November 25, 1936, against appellee, wherein he sought to mature an award made by the Industrial Accident Board of Texas on October 21, 1936. Appellant alleged in such suit the following as to the terms of such award: "On said date J. J. Middlebrook suffered injury in course of employment, resulting in his total incapacity for performance of labor for an indefinite period in the future not exceeding 125 weeks, Texas Indemnity Insurance Company is ordered to pay J. J. Middlebrook $9.00 per week for an indefinite period in the future not exceeding 125 consecutive weeks from December 19th, 1935, unless changed by subsequent award of the Board."

The only question for this court is whether or not the award sued on above by appellant is such a final award as will support a judgment in a suit to mature the same. We have carefully read the briefs presented by both parties and the authorities cited therein; and, in addition, have conducted an extended collateral research,

*Writ of error dismissed 114 S.W.2d 226.

in an effort to reach a correct answer to this question. We are somewhat distressed over the confusion existing among various Courts of Civil Appeals, as well as in the Supreme Court, over the problem at hand; as the case of Vestal v. Texas Employers' Ins. Ass'n, Tex.Com.App., 285 S.W. 1041, 1046, seems to be directly in support of appellant's position, and the effect of Southern Surety Co. et al. v. Arter, Tex.Com. App., 44 S.W.2d 913, is to uphold the contention of appellee.

There is an old adage, to the effect that, "If two opinions split the way, then hear what conscience has to say."

Doubtless, the conscience of the chancellor is involved under our blended system of law and equity, as we are here merely subjecting the pertinent sections of the Workmen's Compensation Law to a fair and reasonable analysis, in view of the question before us. Section 5a of article 8307, R.S. reads:

"In all cases where the board shall make a final order, ruling or decision as provided in the preceding section and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside as in said section is provided, then in that event, the claimant in addition to the rights and remedies given him and the board in said section may bring suit where the injury occurred, upon said order, ruling or decision. If he secures a judgment sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim.

"Where the board has made an award against an association requiring the payment to an injured employé or his beneficiaries of any weekly or monthly payments, under the terms of this law, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employé or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, together with twelve per cent penalties and attorney's fees, as herein provided for. Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit."

We have been furnished, as a part of this record, a copy of the award in the Vestal Case, supra, and we quote therefrom the board's finding in material part:

"The Board further finds that, in consequence of said injury, the said B. A. Vestal suffered total incapacity in the performance of labor from October 14th, 1922 down to this date and will continue to suffer said total incapacity for an indefinite period in the future and he is, therefore, entitled to recover and be paid compensation herein at the maximum rate of $15.00 per week, beginning October 22, 1922 and continuing thereafter down to and including this date, and to continue in the future until or unless altered, changed, modified and terminated by subsequent agreement between the parties in accordance with the terms and provisions of the Employers Liability Act, subject to the approval of the Industrial Accident Board, or until or unless altered, changed, modified, or terminated by subsequent order, award, judgment or decree of the Industrial Accident Board, but in no event to continue for a longer period than 401 weeks from and after October 14th, 1922."

The Commission of Appeals in this (Vestal) case, through Judge Speer, after discussing the meaning and effect of section 5a above, says:

"The award in this case of $15 per week not to exceed 401 weeks is a final and definite award, and in legal contemplation means $15 a week for the full term of 401 weeks, subject only to the statutory power of the board to modify the same in the manner provided in article 5246—25, and, until such modification has been made by the board, at a time when it had jurisdiction over the claim, the award remains a valid and final decision, subject to enforcement in the manner provided by the act, and in the nature of things, when the court having jurisdiction, for cause, sustains an award and visits the statutory penalties, directing execution for enforcement, its judgment is final, as judgments generally are conclusive."

We conclude that the above holding is determinative of the question before us. We must bear in mind that all of the provisions of the Workmen's Compensation

Law should receive a liberal construction by the courts, to effectuate their beneficial purpose. Mingus, Rec'r, v. Wadley, 115 Tex. 551, 285 S.W. 1084; Vestal v. Texas Emp. Ins. Ass'n, Tex.Com.App., 285 S.W. 1041.

The second paragraph of section 5a simply refers to an award made against an association. Of course, a final order, ruling, or decision of the board is intended, yet the statute nowhere requires in its terms a definite state of incapacity for any specific period. The particular nature of the injury to appellant here is not shown. There are many species of incapacity which are susceptible, under the statute, of precise accuracy as to the period over which stated compensation may be allowed. For the loss of a hand or an eye or a leg, the statute provides the monetary damage with exactness. Other kinds of incapacity are not capable of measurement with so certain a legal yardstick, and the board can only determine from the facts at hand, at the time of the award, that such disablement will continue in the future for no longer than the specified time, always subject to section 12d of article 8306, R.S., amended by Acts 1931, c. 155, § 1, Vernon's Ann. Civ.St. art. 8306, § 12d, of "changed conditions," etc, whereupon, such award can be amended. In this case, appellee was bound to continue the $9 payments for the entire period, unless modified as above stated, under section 12d, or on appeal therefrom. Upon lapse of the time in which to appeal, and upon failure to make the recited weekly payments, suit to mature the award for its maximum period is available to the claimant, absent proof of justifiable cause. From the pleadings, appellee voluntarily failed to perform its liability of weekly payments under the award, and upon appellant taking steps to perfect the only effectual remedy open to him, appellee attempted to justify its refusal or failure by asserting the indefinite nature of the judgment or award to which it was a party. No such advantage, we think, can accrue to a party from his own breach of obligation; and, in measuring the damage to the aggrieved party, we conclude that the terms of such award or judgment should be construed favorably to the nonoffending party, to the end that his rights thereunder may be effectually fixed. Otherwise, the insurance carrier, as a party to a so-called "running award," would enure to an advantage not contemplated in the liberal construction of the Compensation Law, and the claimant would be precluded from obtaining full relief until expiration of the compensation period.

Appellee submits that the claimant's remedy here was to go back to the board, and make application for such a definite award as would support a suit to mature under section 5a. The board might not be able to fix the precise number of weeks for the duration of such incapacity, other than already found. A claimant would, under such method, be wholly servient to the board, in many instances, as to any relief under section 5a. We do not think that any such stalemate was intended under the recognized liberal construction of the entire law. This is not a hernia case under the pleadings, where interlocutory orders are permissible. We believe the logic in the decision in Southern Surety Co. v. Hendley, Tex.Civ.App., 226 S.W. 454, 457, should apply here. In that case, the contention was that the board's award was contingent and indefinite, and not appealable. The Galveston Court of Civil Appeals there said:

"The claimant was demanding at the hands of the Accident Board that it find that he was totally incapacitated and that such total incapacity would continue permanently. He also asked that the board find that he was, at that time, entitled to a lump sum settlement. These prayers were finally refused and a contingent judgment entered. As before said, we are of the opinion that the Industrial Accident Board cannot, under law, deprive the district court of its jurisdiction, by deciding and rendering its award for the time being only and subject to modification If it can do this, it may, by repeated judgments of like character, forever close the doors to an appeal to the tribunals provided by law. The appeal for the purpose of seeking relief in the form of a lump sum settlement is a great right; to deny an appeal by rendering an award for the time being only would be to destroy the spirit of the law, while the injured employé would be groaning under harsh and oppressive conditions and suffering injustice by having his appeal adjudicated away by the Industrial Accident Board, which would hold within its hands the power to grant or deny it; this right to an appeal is fixed by law and not by order of the Industrial Accident Board. When the question involves one of manifest injustice, the holding in abeyance the relief prayed for by temporary order would be

subversive of the very intention of the law, its spirit, and purpose, and the object sought to be accomplished by the law would become impossible of attainment."

See, also, the Vestal Case, already referred to above, which further holds generally that, to conclude otherwise as to the finality of the award there, and as true here, would be to unquestionably give to an insurance company a leverage and advantage which the law never intended. Such compensation statute was designed for the protection of the injured claimant, and to place the interpretation on the award in this instance as is urged by appellee would be opposed, we think, to the motivating purposes of the act.·

■ The following argument advanced by appellant in his brief is so pertinent that we feel at liberty to include it here:

"We began this line of discussion by accepting as correct the holding in Vestal v. Texas Employers' Ins. Ass'n, supra, to the effect that, if a particular award is final so far as taking an appeal therefrom is concerned, then it is sufficiently final to be the basis of a suit to mature same. If this holding be disregarded and the statute be looked to, a different conclusion could not be reached.

"Section 5 of article 8307 relates to appeals and provides that upon certain prerequisites being complied with, an appeal may be taken from 'the final ruling and decision' of the board. We have already quoted the language of the statute with respect to suits to mature. That language, in part, provides for such suits where 'a final order, ruling or decision' has been made. We do not believe appellee can be heard to say that 'final ruling and decision,' as used in Section 5· means one thing and that 'a final ruling, order or decision,' as used in section 5a has still a different meaning. There is certainly nothing in the act to indicate that a final order or ruling shall have a different meaning in one character of proceeding and another meaning in a different proceeding. Without some basis for a different meaning in the act itself, we believe that the appellee cannot be heard to say that the term has a meaning peculiar to the character of the suit involved.

"Appellee will doubtless argue, as it did in the trial court, that a final order with reference to appeal is entirely different and has a different meaning to that in a case of a suit to mature an award. The reasoning used is that, in the case of an appeal, the trial is de novo and therefore the insurance company could not be prejudiced. This argument cannot be advanced because it' overlooks the fact that, if an award is not a final one, it is a nullity,. and will neither support an appeal or any other proceeding, because the matter still' pends before the tribunal which entered the interlocutory or temporary order."

We are fully aware that the effect of Southern Surety Co. et al. v. Arter, Tex. Com.App., 44 S.W.2d 913, affirming the Texarkana Court of Civil Appeals on other grounds in Arter v. Southern Surety Co. et al., 29 S.W.2d 847, 849, is contrary to the conclusion here reached. In the Arter Case, supra, the award of the board was for total incapacity for the performance of labor for an indefinite time in the future, but in no event to continue longer than 401 weeks from said date. Compensation was fixed at $12.12 per week to continue for such described indefinite time, and was against the Southern Surety Company, a corporation. Timely notice of appeal from such order was filed with the board by the Southern Surety Company of New York, a different corporation, although the notice was signed by both companies. Suit was thereafter filed by Southern Surety Company and Southern Surety Company of New York, in the district court, by way of an appeal from the action of the Industrial Accident Board. The claimant, Arter, filed various pleas and exceptions to the jurisdiction of said court to entertain the suit of the surety companies. Such pleas, in effect, were that the Southern Surety Company, which was a party to the award, had not given the statutory notice, on the one hand, and that the Southern Surety Company of New York, which had given proper notice, had not been made an interested party before the board. Arter, in his cross-action, further pleaded that, in event said pleas and exceptions were overruled, for judgment maturing the award under the provisions of section 5a, and, by way of further pleading, asked for a recovery against both surety companies, under the terms of the Workmen's Compensation Act. The trial court denied Arter's pleas and exceptions, and dismissed his above cross-action. On appeal to the Texarkana Court of Civil Appeals, it was held that Arter's exception to the effect that the Southern Surety Company of New York

was not an interested party before the board should have been sustained, said court further holding on the point under discussion here that:

"While the board determined that the injury appellant sustained 'totally incapacitated him for the performance of labor,' it did not determine either that such incapacity was permanent or that it would continue as long as 401 weeks. It in effect determined to the contrary when it found, as is shown in the statement above, that appellant's incapacity would continue for an indefinite period.

"To mature the award as prayed for by appellant, this court would have to say, contrary to the conclusion of the board, that his total incapacity to labor would continue as long as 401 weeks from the time he suffered the injury. The judgment will be reversed, and judgment dismissing appellees' suit will be rendered here."

The language just quoted is in direct conflict with the Vestal Case already referred to. We think the Arter award was in fact of definite duration, reading into it the necessary implications of subdivision 12d, article 8306, R.S., as amended; and if the board had intended such to be otherwise in character, it would have so stated as to its terms.

The Commission of Appeals, through Judge Leddy, affirmed the action of the Texarkana court, in sustaining the pleas and exceptions of Arter as to the two surety companies, without reference to the holding of Judge Willson, above, as to the Arter award being too indefinite to be matured. By said affirmance, the Supreme Court has seemingly approved the entire opinion of such Court of Civil Appeals, in opposition to the doctrine of the Vestal Case upon which we rest our decision. Nowhere in the Arter Case is Vestal v. Texas Emp. Ins. Ass'n, supra, referred to as being modified or overruled, and we cannot accept such opinion as doing so. The construction of these particular features of the compensation statute, as made in the Vestal Case, has been considered as settled law in numerous Texas cases, and we respectfully stand by to await a clarification of this point of law by our highest tribunal in connection with our views above assigned.

Our position has further support by the Eastland court in Indemnity Insurance Company of North America v. Sparra, Tex. Civ.App., 57 S.W.2d 892, 894, Justice Funderburk dissenting on other grounds.

Again, treating the award of the Industrial Accident Board in the instant case as a contract to be performed at a future time, the measure of damage laid down by our Supreme Court, in Pollack v. Pollack, 39 S.W.2d 853, is in point. There, Judge Critz held that Henry Pollack completely breached his contract to pay money each year to Charles Pollack during the latter's lifetime, by absolutely repudiating his obligation and duty to carry it out, and determined that Charles Pollack was entitled to maintain a present suit in damages for the entire breach, his measure of damages being the present value of all he would have received if the contract had been performed.

On the other hand, our courts have uniformly held that the award of the board has all of the force and effect of a judgment, and is binding on all parties, unless and until legally set aside. Vestal Case, supra; Estes v. Hartford Acc. & Ins. Co., Tex.Civ.App., 46 S.W.2d 413, 416. Treating appellant's award here as a judgment, we find that, "Judgments are to be liberally construed so as to read into them their necessary implications and make them serviceable instead of useless." Lindsey v. Hart, Tex.Com.App., 276 S.W. 199, 200.

The action of the trial court is reversed and this cause remanded with instructions to reinstate the same on the docket of the trial court for further action in accordance with the above views.

Reversed and remanded, with instructions.