**WESTERN CASUALTY & SURETY COMPANY, Appellant,**

v.

**Florence CARLSON, Appellee.**

No. 13360.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 22, 1958.

Rehearing Denied Nov. 12, 1958.

Stafford, Atlas & Spilman, McAllen, for appellant.

Cox, Patterson, Freeland & Horger, McAllen, for appellee.

POPE, Justice.

Florence Carlson, widow of O. E. Carlson, recovered maximum death benefits under a Workmen's Compensation Policy, and defendant, Western Casualty & Surety Company, appeals. The jury found that deceased sustained an injury on December 24, 1956, that it was accidental, that the injury was received in the course of his employment, and that the injury was a producing cause of his death. Insurer, by this appeal, urges that there is no evidence and insufficient evidence to support the four special issues; that the trial court improperly defined the term "accidental," and that the court should have allowed interest at four per cent instead of six per cent on the weekly installments of compensation which were past due.

The evidence and the inferences reasonably deducible from the evidence support the verdict. Mr. Carlson was employed as a canal rider for a water district. His duties required him to keep the canals free of weeds and débris. On the afternoon of December 24, 1956, he left his home for the purpose of cleaning a canal, and when he failed to return a search was made, and Carlson's body was discovered at the bottom of a concrete canal. His head had a blue and bruised mark on the left side, where it had hit the concrete. The evidence showed that the canal had been cleaned from a point where a bridge crossed the canal and where he had parked his car, to the point where his body was found. From that point on the weeds and débris had not been removed from the canal. The canal was five feet deep and the top was rough, irregular and tangled

with weeds. The search party observed no footprints in the silt at the bottom of the canal such as would indicate that Mr. Carlson was working down in the canal. When Carlson was discovered, a rake which he usually used in cleaning the canal was lying over his shoulder and under his right leg. From these facts the injury inferred that Carlson accidentally fell into the canal while working. Defendant presented no evidence and offered no other explanation for the death.

■■ Jurors are entitled to draw reasonable inferences from direct evidence. Burt v. Lochausen, 151 Tex. 289, 249 S.W. 2d 194. Appellant insists that the law forbids the compounding of presumptions. This case does not concern presumptions but inferences from the direct evidence. Inferences, more than one, may be drawn from facts proved. From the several facts proved, the jury could validly infer that deceased while performing his work of clearing the canal of weeds, lost his footing, fell into the canal and was killed when his head struck the bottom of the canal. These were legitimate inferences. Burlington-Rock Island R. Co. v. Ellison, 140 Tex. 353, 167 S.W.2d 723, 726; Missouri-Kansas-Texas R. Co. of Texas v. Sanderson, Tex.Civ.App., 174 S.W.2d 646.

■ The trial court defined the term "accidental" to mean "an undesigned, unforeseen and unexpected occurrence or mishap." Insurer objected to the definition because it did not further limit the term by the words "which can be traced to a definite time, place and cause." Those limiting words may be important under the evidence and issues in some cases, but the definition given adequately defined the term in this case. Texas Employers' Ins. Ass'n v. Parr, Tex.Com.App., 30 S.W.2d 305; Texas Employers' Ins. Ass'n v. Hitt, Tex. Civ.App., 125 S.W.2d 323.

■ The judgment of the trial court provided for interest at the rate of six per cent on past due weekly installments of compensation. Article 8306a, Vernon's Ann.Civ.St., reduced the interest rate from six to four per cent, and the judgment will be reformed to provide for the lesser rate of interest.

The judgment is reformed so that it will provide for interest at the rate of four per cent, and it is otherwise affirmed.

Supplemental Opinion

On September 17, 1958, this Court handed down an opinion and entered judgment in this cause. On September 29th, appellant, by its motion for rehearing, called our attention to the fact that it had requested oral argument, and on that date this Court withdrew its opinion and set the cause for oral argument on October 15, 1958. After argument, this Court is of the opinion that its former opinion and judgment were correct, and on this twenty-second day of October hands down that opinion and enters judgment.