The **HOME INDEMNITY COMPANY,**
Petitioner,

v.

Camilio **MOSQUEDA,** Respondent.

No. B–2704.

Supreme Court of Texas.

Nov. 17, 1971.

Rehearing Denied Dec. 22, 1971.

Allison, Maddin, White & Brin, Ronald B. Brin, Corpus Christi, for petitioner.

Larkin T. Thedford, Cullen B. Vance, Edna, for respondent.

WALKER, Justice.

This is a suit to mature an award of death benefits under the Workmen's Compensation Act. The principal questions to be decided are: (1) whether the evidence establishes as a matter of law justifiable cause for failing to make the payments as they matured; (2) whether the rate at which interest on the amount of the award should be computed from the date suit was filed to the date of judgment is four or six percent per annum; and (3) whether the rate of interest that the judgment should bear from its date until paid is four or six percent per annum.

Camilio Mosqueda, respondent, is the .son of George Zapata Mosqueda, who lost his life in an industrial accident on April 16, 1965. The Home Indemnity Company, petitioner, is the compensation insurance carrier. Camilio, who was a minor at the time, filed a claim for death benefits with the Industrial Accident Board. His uncle, Marcelo Mosqueda, apparently had paid the funeral expenses of the decedent and sought reimbursement therefor. An award was entered by the Board on November 5, 1965. Although Camilio became 21 years of age on September 25, 1965, the award as entered ordered petitioner "to pay the duly appointed, qualified and legal guardian, when appointed, of Camilio Mosqueda,

minor, $35.00 per week for 360 consecutive weeks, from April 16, 1965, * * *." Petitioner was also ordered to reimburse Marcelo Mosqueda not more than $500.00 paid on the funeral expenses.

Petitioner gave proper notice of appeal on November 24, 1965, and filed suit to set aside the award in the 105th District Court of Nueces County on December 10, 1965. The only defendants named in that suit were Marcelo Mosqueda and Louis Mosqueda. The latter, who is Camilio's brother, answered that he had no interest in the award, that the award under attack was in favor of Camilio, and that Camilio became 21 years of age on Sepetmber 25, 1965. An agreed judgment was entered in the case on January 21, 1966, dismissing Louis for lack of interest and awarding Marcelo a judgment against petitioner for $500.00.

In the meantime, the present suit to mature the award was filed by Camilio in Jackson County on December 30, 1965. Petitioner initially took the position that the judgment in the Nueces County suit was res judicata of Camilio's claim. This contention was sustained by the trial court, and the suit was dismissed for lack of jurisdiction. The Court of Civil Appeals reversed the judgment of dismissal and remanded the cause for trial, holding that petitioner had not appealed the award as to Camilio. Mosqueda v. Home Indemnity Co., Tex.Civ.App., 443 S.W.2d 901 (wr. ref. n. r. e.). This brings us to the trial that gives rise to the present appeal.

The case was tried before the court, and on March 16, 1970, judgment was rendered in Camilio's favor for: the total award in the amount of $12,600.00 with interest thereon from the date of judgment until paid at the rate of four percent per annum; and (2) penalty and attorney's fees aggregating $7,922.00 with interest thereon from the date of judgment until paid at the rate of six percent per annum. This judgment was modified by the Court of Civil Appeals to include interest on the $12,600.00

from the date suit was filed at the rate of six percent per annum and to provide that the entire judgment would bear interest from its date until paid at the rate of six percent per annum. The judgment as so modified was affirmed. One Justice dissented on the ground that the $12,600.00 should bear interest from the date suit was filed, and that the entire judgment should bear interest from its date until paid, at the rate of four percent per annum. 464 S.W.2d 902.

Petitioner contends there was justifiable cause as a matter of law for not paying the installments on the award promptly as they matured. See Article 8307, Sec. 5a.[1] It begins with the premise that the period of time its conduct is to be judged extends from the date the award became final to the date the maturity suit was filed. This is the rule where, as here, the pleadings are not amended to embrace a period of time subsequent to the filing of suit. Maryland Casualty Co. v. Lewis, 151 Tex. 480, 252 S.W.2d 155.

The award in this case became final on December 14, 1965, and the suit was filed 16 days later. No guardian was ever appointed for Camilio, and petitioner says it did not learn that he had reached his majority until served with citation in the present case. We accept petitioner's statement for the purpose of this opinion, but there is no evidence in the record as to whether petitioner did or did not have information concerning Camilio's age before he sued to mature the award.

Since the award directed that payment be made to Camilio's guardian when appointed, petitioner insists that it was entitled to assume that guardianship proceedings had been instituted and that it would be notified when a guardian had been appointed and qualified. We do not agree. The trial court found, among other things, that petitioner failed to exercise reasonable diligence to determine Camilio's age, and that by the exercise of such diligence it would have learned before this suit was filed that he had reached the age of 21 years. These findings are warranted by the evidence, and in our opinion "justifiable cause" has not been established as a matter of law.

Petitioner knew or should have known on December 14 that the award had or almost certainly would become final as to Camilio. This was almost 40 days after the award was made, and about one-third of that period would have been required to prosecute guardianship proceedings to the appointment and qualification of a guardian. Petitioner also knew that some 35 weekly installments were in arrears when the award became final and that it was under a duty to pay this arrearage promptly to the guardian "when appointed." An exercise of reasonable diligence under these circumstances may well have dictated that some inquiry be made of Camilio or his attorney to ascertain whether a guardian had been appointed and, if not, when the necessary legal proceedings would be completed. Any inquiry of that nature would doubtless have elicited information concerning Camilio's age. We are unable to say that the trial court's findings mentioned above have no support in the evidence.

Petitioner's second point of error asserts that the trial court erred in rendering any judgment for Camilio since there was no failure to pay the award according to its terms. This point is also overruled. Camilio was the beneficial owner of the award, and there is no suggestion

---

1. Except as otherwise indicated, all statutes are cited by the article number under which they appear in Vernon's Annotated Texas Civil Statutes.

that he had been or was under any disability other than minority. Having reached his majority before the award was entered, he was legally entitled to the installments accruing thereon, and petitioner had no excuse for failing to pay him after it knew or was charged with knowledge that he was 21 years of age.

Turning now to the interest question, Article 8306a originally allowed a discount of six percent, compounded annually, in all cases where compensation was paid before becoming due. This statute was amended in 1951 to change the discount rate from six percent to four percent and to add the following provisions:

"Provided, however, where suits are legally brought by any claimant or beneficiary under any of the provisions of this [Workmen's Compensation] Act and recovery is had for past due weekly installments, such claimant or beneficiary shall be entitled to recover interest on such past due installments at the rate of four (4%) per cent compounded annually. Any judgment rendered pursuant to any of the provisions of this Act shall bear interest from the date it is rendered until paid at the rate of four (4%) per cent, compounded annually."

After the adoption of the 1951 amendment, it was generally held that the judgment in a compensation case should allow a recovery of interest at the rate of four percent per annum, compounded annually, on past due installments from the dates of their accrual and on the judgment from the date of its entry. See Consolidated Cas. Ins. Co. v. Jackson, Tex.Civ.App., 419 S.W.2d 232 (wr. ref. n. r. e.); General Acc. Fire & Life Assur. Corp. v. Camp, Tex. Civ.App., 348 S.W.2d 782 (no writ); Western Cas. & Sur. Co. v. Carlson, Tex.Civ. App., 317 S.W.2d 259 (wr. ref. n. r. e.); Texas Emp. Ins. Ass'n v. Elder, Tex.Civ. App., 274 S.W.2d 144 (affirmed, 155 Tex. 27, 282 S.W.2d 371); General Ins. Corp. v.

Handy, Tex.Civ.App., 267 S.W.2d 622 (wr. ref. n. r. e.); Traders & General Ins. Co. v. Durrette, Tex.Civ.App., 258 S.W.2d 346 (no writ).

In 1967 the Legislature adopted a comprehensive revision of Title 79, "Interest", of the Texas Revised Civil Statutes, 1925. Acts 1967, 60th Leg., p. 608, ch. 274. Former Articles 5070 and 5072 were repealed but substantially the same provisions were enacted as part of the revision. The two new statutes, which are identified as Articles 5069–1.03 and 5069–1.05, provide as follows:

*Article 5069–1.03*: When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made.

*Article 5069–1.05*: All judgments of the courts of this State shall bear interest at the rate of six percent per annum from and after the date of the judgment, except where the contract upon which the judgment is founded bears a specified interest greater than six percent per annum, in which case the judgment shall bear the same rate of interest specified in such contract, but shall not exceed ten percent per annum, from and after the date of such judgment.

Article 8306a was not included in the list of statutes expressly repealed by the 1967 Act, but the Legislature did provide, with certain exceptions not material here, that all laws or parts of laws inconsistent with the provisions of the Act were repealed to the extent of the inconsistency. In one case tried after the 1967 Act became effective and involving installments that accrued prior to the adoption of the 1951 amendment to Article 8306a, the trial

**460**

court rendered a judgment that included interest on each installment from its due date at the rate of six percent per annum, and on appeal the insurance carrier apparently did not raise any question concerning the interest rate. Hartford Acc. & Indem. Co. v. Reina, Tex.Civ.App., 441 S.W.2d 622 (wr. ref. n. r. e.).

Although the liability of a workmen's compensation insurance carrier is contractual in nature the contract is not one "ascertaining the sum payable" within the meaning of Article 5069–1.03. In our opinion the provisions of Article 8306a concerning the recovery of interest on past due installments remain in full force and effect and are controlling here. The situation is different, however, with respect to the rate of interest the judgment shall bear from the date it is rendered until paid. Article 8306a provides that any judgment rendered pursuant to any of the provisions of the Workmen's Compensation Act shall bear interest from the date it is rendered until paid at the rate of four percent, compounded annually. This sentence is clearly inconsistent with, and in our opinion was repealed by, Article 5069–1.05 quoted above. The trial court should have rendered judgment in Camilio's favor: (1) for $12,600.00 plus interest thereon from the date suit was filed to the date of judgment at the rate of four percent per annum, compounded annually; (2) for the $7,922.00 penalty and attorney's fees; and (3) with the provision that the entire judgment would bear interest from its date until paid at the rate of six percent per annum.

The judgments of the courts below are accordingly reversed, and judgment is here rendered in favor of respondent for $22,785.05 with interest thereon from March 16, 1970, until paid at the rate of six percent per annum. The costs in the trial court and on appeal through the Court of Civil Appeals are adjudged against petitioner; the costs in this Court are adjudged against respondent.