**TWIN CITY FIRE INSURANCE COMPANY, Petitioner,**

v.

**Anita CORTEZ et al., Respondents.**

**No. B-7576.**

Supreme Court of Texas.

Dec. 20, 1978.

Rehearing Denied Feb. 28, 1979.

Gibson, Ochsner & Adkins, Mac W. Hancock, III, Amarillo, Strasburger & Price, Royal H. Brin, Jr., Dallas, for petitioner.

Mike Millsap and Tom West, Lubbock, for respondents.

GREENHILL, Chief Justice.

The main question presented in this workers' compensation case is whether the beneficiaries of an award of weekly death benefit payments are entitled to mature such an award and recover a lump sum payment on the entire award when the insurance carrier fails, without justifiable cause, to make timely payments. The second question is whether, in the event that the lump sum payment is allowable, the payment is to be calculated without a discount for early payment of future benefits. The trial court rendered judgment for the beneficiaries, giving them a lump sum payment, without discount, on the entire award. The Court of Civil Appeals affirmed. 562 S.W.2d 940. We agree with the lower courts' conclusion that a lump sum payment is proper in this case. We disapprove, however, of the refusal to allow a discount. We therefore reverse the judgments of both courts below and remand the cause to the District Court for the rendition of judgment in accordance with this opinion.

On November 19, 1973, Pedro Cortez, while acting in the course of his employment, suffered accidental injuries resulting in his death. On March 18, 1975, the Industrial Accident Board awarded workers' compensation benefits to Anita Cortez, the surviving widow, and to the six minor children of Pedro and Anita Cortez. The Board ordered Twin City Fire Insurance Company to pay benefits of $63.00 per week. These benefits were apportioned among Mrs. Cortez, her minor children, and her attorneys. The order directed that the weekly payments be continued until Mrs. Cortez's death or remarriage. By subsequent agreement of the parties and approval of the Board, the attorney's fee portion of the award was paid in a lump sum, discounted at four per cent; and no point regarding the attorney's fee is before us.

Pursuant to the order of the Board, the company began making weekly payments to Mrs. Cortez. Due to a bookkeeping error, however, the company failed to make payments to Mrs. Cortez, either individually, or for the use and benefit of her minor children, during the period from June 14 to July 25 of 1976. The trial court found this failure to be "without justifiable cause," and Twin City does not here complain of that conclusion.

On July 21, 1976, Mrs. Cortez and her children brought this suit against Twin City Fire Insurance Company, seeking to mature the death benefits award into a lump sum and to collect a twelve per cent penalty on the sum together with attorney's fees.

### Lump Sum Payment

The statute on which this suit is based, article 8307, section 5a,[1] provides, in part:

Where the board has made an award against an association requiring the payment to an injured employé or his beneficiaries of any weekly or monthly payments, under the terms of this law, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employé or his beneficiaries, *in case of his death*, shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, together with twelve per cent penalties and attorney's fees, as herein provided for. Suit may be brought under the provisions of this section, either in the county where

the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit. [Emphasis added].

It will be noted that this provision specifically provides for the maturing of an award in the case of the death of a worker. Moreover, the enforcement statute entitles a claimant to recover both past-due installments and future benefits. *See Home Indemnity Co. v. Mosqueda*, 473 S.W.2d 456 (Tex.1971); *Vestal v. Texas Employers Insurance Association*, 285 S.W. 1041 (Tex. Com.App.1926, judgmt adopted); *Middlebrook v. Texas Indemnity Insurance Co.*, 112 S.W.2d 311 (Tex.Civ.App.—Dallas), *writ dism'd w. o. j. per curiam*, 131 Tex. 163, 114 S.W.2d 226 (1938).

Twin City contends, however, that such a lump sum recovery of both past and future benefits is impermissible as to an award of death benefits. Under article 8306, section 8, of the Workers' Compensation Act, the widow or widower of a deceased employee receives an award of weekly benefits that continues until either the death or remarriage of the beneficiary. The benefits payable to a child of the deceased may continue, under certain circumstances, until the child reaches twenty-five years of age, or for as long as the child is "actually dependent."[2] Article 8306, section 8(d), places the following limitation on an award of death benefits to a widow, widower, or children:

The benefits payable to a widow, widower, or children under this section shall not be paid in a lump sum except in

---

1. All statutory references are to Texas Revised Civil Statutes Annotated.

2. Article 8306, section 8, provides:
 (b) The weekly benefits payable to the widow or widower of a deceased employee shall be continued until the death or remarriage of the beneficiary. In the event of remarriage a lump sum payment equal in amount to the benefits due for a period of two (2) years shall be paid to the widow or widower. The weekly benefits payable to a child shall be continued until the child reaches eighteen (18) years of age, or beyond such age if actually dependent, or until twenty-five (25) years of age if enrolled as a full-time student

in any accredited educational institution. All other legal beneficiaries are entitled to weekly benefits for a period of three hundred and sixty (360) weeks.
 (c) Upon the termination of the eligibility of any child to receive benefits, the portion of compensation paid to such child shall thereafter be paid to any remaining child or children entitled to benefits under the provisions of this Act. If there is no other eligible child then such benefits shall be added to those being paid to the surviving spouse entitled to receive benefits under the provisions of this Act.

events of remarriage or in case of bona fide disputes as to the liability of the association for the death. Any settlement of a disputed case shall be approved by the board or court only upon an express finding that a bona fide dispute exists as to such liability.

It is Twin City's contention that this provision, which was enacted subsequent to the enforcement provision of article 8307, section 5a, either limits or partially repeals the enforcement statute so as to prevent lump sum awards of future death benefits.

We do not agree. As noted, the enforcement provision of article 8307, section 5a, explicitly applies to death benefits. In order to hold that the recent amendment to the statute, which limits the payment of a lump sum pursuant to an original award, also limits the payment of a lump sum under the *enforcement* statute, this court would be required to find that the newer statute has impliedly repealed the older provision. Repeal of laws by implication is not favored. *Wintermann v. McDonald,* 129 Tex. 275, 102 S.W.2d 167, 171 (1937). Unless a contrary intent is clearly shown, the Legislature is presumed to have enacted new or revised statutes with knowledge of the existing state of the law and with the intent that the new law be subject to the old. *Allen Sales & Servicenter, Inc. v. Ryan,* 525 S.W.2d 863, 866 (Tex.1975). Thus, when there is no clear repugnance between the provisions of old and new statutes, the duty of this court is to reconcile them and to construe both statutes so as to give effect to each. *Wintermann v. McDonald, supra.* In the absence of a clear conflict, each provision of the Workers' Compensation Act is to be construed with every other provision to produce a harmonious whole. No single portion of the Act

should be read as if standing alone. *See Black v. American Bankers Insurance Co.,* 478 S.W.2d 434 (Tex.1972).

An analysis of the function and legislative history of these statutes, as well as related provisions, leads to a conclusion that there is no real conflict between the two statutes in question. Article 8306, section 8, sets out the means of compensating the beneficiaries of a deceased worker. It provides that these benefits are to be paid weekly. Other provisions of the Act similarly prescribe weekly payments to an injured worker.[3] Thus, weekly, rather than lump sum payments, are the usual method of compensating both injured workers and beneficiaries under the Act.

The Act does contain, however, a general provision allowing parties to agree to a lump sum settlement. This provision also allows the Industrial Accident Board or a court, on appeal from a Board award, to award a lump sum payment if manifest hardship or injury would otherwise result.[4] Although the statute specifically refers only to the authority of the Board, it has long been construed to apply to a court in which a trial de novo is held pursuant to an appeal from the Board's decision. *See Lumbermen's Reciprocal Association v. Behnken,* 112 Tex. 103, 246 S.W. 72 (1922).

Until the 1973 amendment of article 8306, section 8, this general statute on lump sum payments governed both injury and death benefits. In that year, the Legislature restricted lump sum awards of death benefits to two situations: when the widow or widower remarries, and when a bona fide dispute exists as to the liability of the insurance carrier for the death. A major reason for this special limitation on death benefit awards is, apparently, the fact that in 1973 the Legislature also removed the 360-week

3. *See, e. g.,* article 8306, sections 10 (total incapacity) and 11 (partial incapacity).

4. Article 8306, section 15, provides:
 In cases where death or incapacity in any degree results from an injury, the liability of the association may be redeemed by the payment of a lump-sum by agreement of the parties thereto subject to the approval of the Industrial Accident Board. Where in the judgment of the Board manifest hardship and injury would otherwise result, the Board may compel the association to redeem the liability by payment of the award of the Board in a lump-sum, and a discount shall be allowed for present payment in accordance with Article 8306a, of the Revised Civil Statutes of 1925, as amended.

maximum time limit on the payment of death benefits so as to allow the benefits to continue until either the death or remarriage of the widow or widower. At present, death benefits are the only benefits recoverable under this Act that are not subject to a maximum time period.

Twin City contends that the limitations placed on lump sum payments of death benefits under article 8306, section 8, render a judgment for a lump sum under the enforcement statute impermissible. A comparison of the purpose of article 8306, section 8, the statute on awards of death benefits, and the purpose of enforcement provisions of article 8307, section 5a, however, shows that such is not the case. As stated earlier, the purpose of an original death benefit award is compensation, which the Legislature has indicated is, in most cases, best effected by weekly payments rather than a lump sum award. The main purposes of article 8307, section 5a, however, are to discourage insurance carriers from defaulting on their payments and to provide claimants with an effective, complete remedy in the event of such defaults. As indicated by the express language of the statute, the Legislature has chosen a lump sum award as the best means of fulfilling the purposes of the enforcement provision of article 8307, section 5a.

The limitations placed on lump sum awards by the death benefits statute no more apply to an enforcement proceeding under article 8307, section 5a, than do those limitations found in article 8306, section 15, the general lump sum statute. The lump sum statute limits the granting of an original lump sum award to those cases in which the parties agree or in which "manifest hardship and injury would otherwise result." *See Western Fire & Indemnity Co. v. Bradshaw*, 356 S.W.2d 832, 835 (Tex.Civ. App.—Amarillo 1962, writ ref'd n. r. e.). These limitations, however, apply only to either a board award or an award by a court after a trial de novo. Their purpose

is the same as the purpose of the death benefits statute: to encourage weekly payments rather than lump sum awards. The purpose of either the death benefits statute or the lump sum statute has no relevance in an enforcement proceeding brought under article 8307, section 5a, which functions as a swift, effective penalty against non-complying insurance carriers.

 Twin City's further contention that the indefinite nature of the present death benefit award renders maturing of the award an impossible task is not well founded. The Legislature itself, in creating special limitations on original lump sum awards in death benefits cases, specifically allows original lump sum awards when there is a bona fide dispute as to liability. Thus, even in original proceedings, both the Board and the courts may face the problem of calculating an award based on the life and remarriage expectancy of a widow or widower. The means of calculating the remarriage expectancy of a widow or widower admittedly create problems for the Board and for the courts. Nevertheless, the Legislature has expressly provided that lump sums of death benefits may be awarded when liability is disputed and has given no indication of an intent to abolish the right to a lump sum award under the enforcement statute. The fact that the Legislature has provided no specific guidelines for calculating remarriage expectancy in the event of a lump sum award is no basis for refusing to award a lump sum when the propriety of such an award is specifically provided for by the Act.[5]

The problems of computing a lump sum death benefit award, although admittedly greater than those in injury cases, are not so great as to warrant denying beneficiaries' enforcement rights under article 8307, section 5a. *Cf. Middlebrook v. Texas Indemnity Insurance Co.*, 112 S.W.2d 311, 313 (Tex.Civ.App.—Dallas), *writ dism'd w. o. j. per curiam*, 131 Tex. 163, 114 S.W.2d 226 (1939). The need for protection of benefici-

---

**5.** Some states have provided for the use of remarriage tables to calculate the remarriage expectancy of a widow or widower. *See* Miss.

Code Ann. § 71–3–37(10); N.Y.Work. Comp.Law art. 2, § 27, (1, 5) (McKinney).

aries' rights to timely payment of death benefits, which frequently are a primary means of support for a family, outweighs the inconvenience encountered in computing a lump sum. The Legislature will soon be in session; and if this opinion does not comport with its intent, it may, of course, clarify the matter.

## DISCOUNT

■ In allowing a lump sum award in this enforcement proceeding, neither the trial court nor the Court of Civil Appeals allowed a discount of the award because of an early payment of future benefits. We hold that the following provision of article 8306a of the Workers' Compensation Act requires a discount whenever an award is matured pursuant to an enforcement proceeding:

> In all cases when the payments of weekly compensation due an injured employee or beneficiary coming within the provisions of the Workmen's Compensation Act are accelerated by increasing the amount of compensation by correspondingly decreasing the number of weeks for which the same is to be paid, and when the liability of the insurance company is redeemed by the payment of a lump sum, by agreement of parties interested, or as a result of an order made by the Industrial Accident Board or a judgment rendered by a court of competent jurisdiction, and when advanced payments of compensation are made, and in all cases when compensation is paid before becoming due, discount shall be allowed for present payment at four (4%) per cent, compounded annually.

The statute specifically refers to the situation present in this case—*i. e.*, when the liability of the insurance carrier is redeemed by a lump sum payment as a result of a court judgment.

Although this court has not before ruled on this particular point, we have previously ruled on the applicability of another provision of article 8306a to enforcement proceedings under article 8307, section 5a. In *Home Indemnity Co. v. Mosqueda*, 473 S.W.2d 456 (Tex.1971), this court held that the provisions of article 8306a with respect to interest on past-due installments applied to a suit by a beneficiary to mature a death benefit award. The court did not discuss the applicability of the discount provision of the statute. No point of error was raised on that issue. Nevertheless, the result in *Mosqueda* is consistent with the application of the discount provision to this suit and with the rule that the various provisions within an act are to be construed together so as to give effect to each. *See Black v. American Bankers Insurance Co.*, 478 S.W.2d 434 (Tex.1972); *Wintermann v. McDonald*, 129 Tex. 275, 102 S.W.2d 167 (1937).

Applying the discount statute to a lump sum recovery granted in an enforcement proceeding results in no conflict with the language of article 8307, section 5a, the enforcement statute. The latter statute gives the claimant the right to "mature" "the entire claim" and to recover "the full amount thereof." [6] Recovery of the "full amount" does not necessarily mean that a discount of the recovery so as to approximate its present value is prohibited. Plaintiffs cite *Vestal v. Texas Employers Insurance Association v. Harrington*, 285 S.W. 1041 (Tex.Comm'n App.1926, judgmt adopted) and *Texas Employers Insurance Association v. Harrington*, 61 S.W.2d 167 (Tex. Civ.App.—Eastland 1933, writ dism'd by agr.), as authority for the proposition that no discount is permitted in an enforcement proceeding. Because both of these cases were decided prior to the enactment of the discount statute, we consider them inapplicable to the discount issue present in this case. In enacting the discount provision of article 8306a, the Legislature has provided a definition of a lump sum recovery of an "entire claim"—*i. e.*, the present value of the award computed by allowing a discount of four per cent, compounded annually.

---

6. Mrs. Cortez and her children, our Respondents, do not here claim the "full amount" of the original award. Some payments have been made, and the prayer is for the "full amount" of the unpaid benefits.

We agree with the judgment of the Court of Civil Appeals as to the lump sum recovery of the beneficiaries' entire claim. We disagree, however, with its refusal to discount the recovery pursuant to the provisions of article 8306a. The record shows that the twelve per cent penalty and the attorney's fees recovered under the enforcement statute were calculated by relying on the undiscounted lump sum award. The entry of a proper judgment calls for calculations that we think could best be made by the trial court with the assistance of counsel. Accordingly, the judgment of the courts below are reversed, and the cause is remanded to the District Court for the entry of a judgment in accordance with this opinion.

Dissenting opinion by BARROW, J., in which STEAKLEY, POPE and DANIEL, JJ., join.

BARROW, Justice, dissenting.

I respectfully dissent.

The 1973 amendment to Article 8306, section 8,[1] which provides death benefits under the Texas Workers' Compensation Act made a significant change in the benefits which the surviving beneficiaries may recover. This progressive legislation provides extensive substitute income for the surviving beneficiaries in lieu of the limited and fixed weekly benefits provided under the former statute. In carrying out the legislative intent that the beneficiaries have the substitute income on a regular basis, the statute expressly limits the conditions wherein a lump sum payment can be made to two situations which are not applicable here.

Prior to 1973, Article 8306, section 8, provided for payment to the beneficiaries for the specific period of 360 weeks. Now there is no fixed or limited number of weekly payments, but rather the statute provides for weekly benefits until the surviving widow dies or remarries; and the minor children are provided for during their minority, until they reach the age of 25 years if attending school, or so long as they are dependent. To further this legislative intent of providing substitute income to the surviving widow and dependent children, the 1973 amendment expressly provides that the benefits payable to a widow or children shall not be paid in a lump sum except (1) in the event of remarriage,[2] or (2) where there is a bona fide dispute as to the liability of the association. The latter provision requires that any settlement of such a disputed case must be approved by the Industrial Accident Board or court upon an express finding that a bona fide dispute exists as to such liability.

It is established that the maxim *expressio unius est exclusio alterius* applies to the construction of statutes. *Harris County v. Crooker*, 112 Tex. 450, 248 S.W. 652 (1923). Application of this rule here shows the legislative intent that the benefits not be paid in a lump sum in other than the two stated situations. This legislative intent is further demonstrated by the fact that the two situations wherein a lump sum payment can be made are both situations where the amount of benefits to be received by the beneficiaries is fixed in a certain amount or can be determined precisely. The intent that surviving beneficiaries be paid only in weekly benefits is further illustrated by the fact that the legislature did not provide any means for determining the amount of future benefits recoverable. Life expectancy tables, although not mentioned in the statute, do give a guide for the life expectancy of a surviving spouse. However, there probably is nothing more uncertain than the chances of, or the time for, the remarriage of a widow or widower. Furthermore, as

1. All statutory references are to Texas Revised Civil Statutes Annotated.

2. Article 8306, section 8, provides that in the event of remarriage a lump sum payment equal in amount to the benefits due for a period of two (2) years shall be paid to the widow or widower.

long as there are minor children there is a possibility that one child might become dependent and thus entitled to benefits for the balance of that dependent child's life. A prior lump sum payment would deprive that child of benefits it otherwise would receive.

The majority opinion correctly points out that the statute does not expressly repeal Article 8307, section 5a. This statute, which was enacted in 1917, authorizes an injured employee or his beneficiaries to mature the entire claim where the association fails or refuses, without justifiable cause, to make the weekly or monthly payments promptly. This statute is thus inconsistent with those provisions of Article 8306, section 8, which limit lump sum payments to the two stated exceptions.

It is a well-recognized rule of construction that in the event of inconsistency between two statutes, the statute enacted more recently must control since it is the latest expression of legislative will and intent. *Allied Finance Company of Bay City v. Falkner*, 397 S.W.2d 846 (Tex.1965). This rule is particularly applicable here in that the more recent statute deals specifically with the death benefits payable under a new scheme of providing substitute income to cover the lack of income caused by the death of the employee. It is a fundamental rule of construction that a general provision must yield to a succeeding specific provision. *Forwood v. City of Taylor*, 147 Tex. 161, 214 S.W.2d 282 (1948). This rule has particular significance where, as here, the specific statute makes a substantial change from the compensation scheme in effect since the general statute was enacted in 1917.

Although this Court has never construed this 1973 revision, I believe what was said in *Texas Employers Insurance Association v. Motley*, 491 S.W.2d 395 (Tex.1973) is applicable to the question before us. There the Court was considering the power of the trial court, as opposed to the power of the Industrial Accident Board, to order attorney's fees paid in a lump sum although the employee was required to be paid in weekly installments after the jury failed to find a manifest hardship as required by Article 8306, section 15. This Court held that the trial court had the power although the Board did not and said:

"One reason for this is that when there is no death claim and when recovery is based on an award of the Board for a general injury, *the total amount that the insurance company is to pay in installments may not be definitely ascertainable at the time of the award.* The Board retains the right to modify the award. Moreover, if the employee dies before he receives all of the compensation awarded him in weekly payments, the cases say that the liability of the insurance company ceases; i. e., the unmatured portions of the claim are extinguished by his death. *Texas Employers Ins. Assn. v. Phillips*, 130 Tex. 182, 107 S.W.2d 991 (1937). Since this is so, *the* portion recoverable by the attorney may not be ascertainable with certainty at the time of the Board's award. Hence a lump sum recovery to the attorney would present problems.

"On the other hand, if the compensation is based upon a *judgment* in court, which judgment has either become final or is affirmed, the amount awarded by the court does survive the workman's death and is not subject to modification or reduction. *Bailey v. Travelers Insurance Co.*, 383 S.W.2d 562 (Tex.1964). The attorney's fees, therefore, may be fixed or approved with certainty by the trial court in the light of the amount which will be recovered by the workman or those claiming under him." (Emphasis added).

I believe this reasoning when applied to the question before us explains why the legislature expressly provided that the death benefits could not be paid in a lump sum unless the widow remarried or a disputed liability case was settled. Prior to the 1973 revision of the death benefits, these benefits were fixed at 360 weeks. Now they are indefinite, uncertain, and not

capable of precise determination. Death benefits are the only benefits recoverable under the Worker's Compensation Act that are not subject to a maximum time period. This could explain why the legislature limited the authority for a lump sum payment under the new statutory scheme for death benefits.

I agree wholeheartedly with the legislative intent of Article 8307, section 5a, that the association should be penalized for failing to make the weekly payments on time. However, if the 12% penalty on the weekly payments which were not timely paid plus reasonable attorney's fees is not an adequate penalty, the legislature should amend the statute to increase the penalty. I do not believe we should attempt to do so by a judicial construction of the death benefits statute contrary to the expressed intent of the legislature in Article 8306, section 8. I would limit the penalty and attorney's fee to the weekly payment benefits which were not timely paid by petitioner.

STEAKLEY, POPE, and DANIEL, JJ., join in this dissent.

### ON MOTION FOR REHEARING

STEAKLEY, POPE and SPEARS, JJ., join in this dissent.