**LIBERTY MUTUAL INSURANCE CO., Appellant,**

v.

**Wanda D. ALLEN, et al., Appellees.**

**No. 01–82–0247–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 1, 1983.
Rehearing Denied March 8, 1984.

Michael Phillips, Charles Seymore, Houston, for appellant.

Don M. Barnett, Stradley, Barnett & Stein, T.C., Houston, for appellees.

Before JACK SMITH, LEVY and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a judgment, entered upon a jury's answers to special issues, awarding lump sum payment of worker's compensation death benefits, statutory penalties, and attorney's fees pursuant to Tex.Rev.Civ.Stat.Ann. art. 8307, § 5a, paragraph 2 (Vernon 1967). We affirm.

By a final award of the Industrial Accident Board on April 11, 1979, the appellant, Liberty Mutual Insurance Company, the employer's workers' compensation insurance carrier, was ordered to pay workers' compensation benefits as a result of the accidental death of Norman Bernard Allen, an employee of one of its policyholders. The Board ordered payments of $52.50 per week to Wanda D. Allen, the surviving widow, until her death or remarriage, and another $52.50 per week to Wanda D. Allen, as guardian and next friend of Marga-

ret Rae Allen, minor daughter of the deceased, during her eligibility. Twenty-five percent of the above amounts was ordered paid directly to the law firm of Stradley, Barnett & Stein, P.C., the survivors' attorneys.

The carrier commenced weekly payments, apportioned as ordered by the Board, on April 26, 1979. Suit to mature the award was brought by the appellees, the widow, individually and as guardian of the minor, and by the law firm on November 17, 1980. After jury trial, judgment was entered for appellees, after allowing the statutory discount for lump sum payment, in the amount of $158,837.00, which included attorney's fees in the amount of $65,739.00.

■ The sole basis of appellees' cause of action is found in paragraph 2 of art. 8307, § 5a, *supra*. The appellant carrier contends, by its third and fourth points of error, that special issues one and two failed to adequately track the provisions of this statute. Before addressing the appellant's earlier complaints of error concerning sufficiency of the evidence, we must determine whether these two issues were defective as submitted. A pleading seeking the 12% penalties and attorney's fees mandated under article 8307, § 5a, is to be strictly construed, and no intendments or inferences will be indulged to supply omissions and deficiencies. *Maryland Casualty Co. v. Lewis*, 151 Tex. 480, 252 S.W.2d 155, 156 (1952). It follows that the special issues must require findings on all material facts relating to liability under the statute. Tex. R.Civ.Proc. 279.

Article 8307, § 5a, paragraph 2, reads as follows:

Where the Board has made an award against an association requiring the payment to an injured employee or his beneficiaries of any weekly or monthly payments, under the terms of this law, and such association should thereafter *fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature,* then the said injured employee or his beneficiaries, in case of

his death, shall have the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, together with twelve percent penalties and attorney's fees, as herein provided for.

(Emphasis supplied.)

Appellant tendered to the court a proposed special issue framed in the statutory language emphasized above, reading as follows:

Do you find from a preponderance of the evidence that Liberty Mutual ... failed or refused, without justifiable cause, to continue to make payments promptly as they matured?

The court refused appellant's proposed form of the issue and, over the appellant's objection, submitted the following:

SPECIAL ISSUE NO. ONE

Do you find from a preponderance of the evidence that Defendant, Liberty Mutual Insurance Company, failed to pay any of the weekly payments to Wanda Allen and Margaret Rae Allen as required by the Industrial Accident Board when said payments were due?

The jury answered "Yes." The second question, conditionally submitted, asked:

SPECIAL ISSUE NO. TWO

Do you find from a preponderance of the evidence that such failure to pay was justifiably excused?

The jury answered "No."

Appellant points out that the submission as given to the jury (1) eliminated the statutory phrase "to continue to make payments promptly as they mature"; (2) submitted the statutory inquiry "without justifiable cause" as a separate issue; and (3) changed "cause," in that separate submission, to "excuse." Appellant urges that such omission of essential phrases, restructuring of sentences and changing of words from statutory language made it impossible for the jury to understand or follow the statutory mandate, and denied appellant the strict construction to which it was entitled in applying a statute authorizing penalties and attorney's fees. *Maryland Casualty Company v. Lewis, supra.*

■ Concerning the trial court's refusal to distinguish between "failure to pay ... when due," as inquired about in special issue number one, and "failure to continue to make payments promptly as they mature," as set out in the act's second paragraph, appellant acknowledges that Texas decisions have yet to recognize any such distinction as controlling. *See, e.g., Home Indemnity Co. v. Mosqueda,* 464 S.W.2d 902, 904–05 (Tex.Civ.App.—Corpus Christi 1971), *reversed on other grounds* 473 S.W.2d 456 (Tex.1971). We are unable to see, in the fact situation of the case before us, how the distinction could cause error. As will be more fully set out hereafter, the facts show undisputedly that appellant did not make certain payments to appellees during the weeks such payments were due to be paid, whether couched in terms of a "failure to pay ... when due" or a "failure to continue to pay promptly as they mature." The trial court's form of submission did not constitute reversible error.

■ As to the court's action in submitting the issue of justifiable cause separately, we hold that it was within the trial court's discretion to do so. Tex.R.Civ.Pro. 277.

■ We find inaccurate appellees' contention that the insurer was not entitled to submission of the issue of justifiable cause because it failed to plead any justifiable basis for not making payment. R. 279. Appellant's original answer contains allegations of a number of affirmative defenses, including payment, excuse, and due diligence, sufficient to raise the issue.

■ Appellant points out, in a supplemental brief, that the wording of special issue two places the burden of proof upon the insurer, whereas § 5a of the article makes lack of justifiable cause one of the controlling issues in determining the insurer's liability in a maturity suit and, according to appellant, should be proved by the claimant,. At least one court has declared justifiable cause to be an affirmative defense to be pleaded and proved by the

insurer. *Home Indemnity Co. v. Mosequeda,* 464 S.W.2d 902, 907 (Tex.Civ.App.— Corpus Christi 1971), *reversed on other grounds* 473 S.W.2d 456 (Tex.1971). We concur in view of the purpose of the statute and the insurer's more ready access to that information.

■ As to the court's action in substituting "cause" in special issue number two for the statutory term "excuse," we do not think the jury was misled by being asked whether appellant's failure to pay was justifiably "excused." Appellant cites Black's Law Dictionary, which defines "cause" as "a ground for legal action," and "excuse" as "a reason alleged for doing or not doing a thing." However, Black's definition of "cause" also includes "a reason for an action or condition." The statutory phrase "without justifiable cause" has not been defined by the legislature, and both the words "cause" and "excuse" can mean a reason for doing or not doing something. Webster's New Collegiate Dictionary (1981 ed.). No controlling case law has been cited to us or found by us. While substitution of the word "excuse" for "cause" is not approved, we do not hold it to be reversible error. Any subtle distinction in the definitions of these words would not make the issue so defective that it probably caused rendition of an improper judgment. Tex.R.Civ.Proc. 434. Appellant's points of error three and four are overruled.

By its points of error one and two, appellant urges that the evidence supporting the jury's answers to special issues one and two is insufficient, or alternatively, so against the great weight and preponderance of the evidence as to be manifestly unjust.

The record reflects that appellant commenced to make weekly payments, in accordance with the Board's Order, on April 26, 1979, in the following amounts: $39.38 to Wanda D. Allen and $39.38 to Wanda D. Allen as Next Friend and Natural Guardian of Margaret Rae Allen at her home address in Jacksonville; and $26.24 to Stradley, Barnett & Stein, P.C., at that firm's address in Houston.

Testimony and documents in evidence establish that, subsequently, several payments were late. Mrs. Allen did not receive her daughter's check on June 4, 1980, when her own arrived in the mail. That check arrived on June 11, the day after Mrs. Allen wrote to Liberty Mutual inquiring about the late payment. Checks for Mrs. Allen and her daughter for the week of September 24 through September 30, 1980, were sent in an envelope post-marked October 6, 1980, along with their checks for the week of October 1 through October 6. The amount due the law firm for the week of June 20 through June 26, 1980, was included in the payment of attorney's fees for December 3 through December 9, 1980. This error was discovered, according to appellant, during an audit. Appellees observe that the skipped payment was received after the filing of the lawsuit. Two checks for the law firm were received on October 8, 1980, one of which should have arrived the week before. Mrs. Allen also testified that on more than one occasion she received the law firm's check at her home address and forwarded it to Houston.

The appellant carrier's claims manager described the company's procedures and safeguards for timely payment of weekly benefits, but no evidence was submitted explaining why payments to appellees were delayed, missent, and overlooked. The jury could reasonably conclude that the errors resulted from some fault in appellant's internal bookkeeping or disbursement system.

■ Neither failure to exercise reasonable diligence nor mere neglect to pay have been recognized as constituting justifiable cause for late payment. *Home Indemnity Company v. Mosqueda,* 473 S.W.2d 456 (Tex.1971); *Minor v. London Guarantee & Accident Co., Limited,* 280 S.W. 163 (Tex.Com.App.1926, holding approved), cited in *Twin City Fire Insurance Company v. Cortez,* 562 S.W.2d 940 (Tex.Civ.App.— Amarillo), *rev'd on other grounds,* 576 S.W.2d 786 (Tex.1978). Additionally, the appellate court in *Cortez* specifically held that mere clerical oversight or neglect by a

bookkeeper in mailing payments was not justifiable cause for late payment.

■ Noting that the majority of the payments were properly made, we can understand appellant's position that human error and inadvertent mistakes can sometimes thwart even a well-managed system. Nevertheless, we find that the jury's answers to special issues one and two are supported by sufficient evidence, and the trial court did not err in denying appellant's motion for a new trial. We overrule appellant's points of error one and two.

■ In points of error five and six, appellant challenges the court's authority to award attorney's fees under art. 8307, § 5a, on a contingency basis and the sufficiency of the evidence to support that award.

Attorney John Gano, board certified in personal injury trial law and familiar with workers' compensation litigation, was called by appellees to testify regarding a contract offered as an appellees' exhibit by which Mrs. Allen conveyed to her attorneys a percentage of the amount to be recovered in the present action. Gano testified that a contingent fee arrangement such as this is an agreement between the attorney and his client pursuant to which the attorney's fee is based upon his ability to successfully recover for the client, and that a contingent fee of forty percent and forty five percent, respectively, would be reasonable for trial and appeal of appellees' case.

The trial court submitted the issue of attorney's fees, over appellant's objection, in the following form:

SPECIAL ISSUE NO. 5

What percentage do you find to be a reasonable attorney's fee out of any recovery made by Plaintiffs in this lawsuit?

The jury answered 33⅓%. The court's award of matured benefits to each of the three appellees—widow, minor daughter, and law firm—includes an additional sum representing attorney's fees equal to one-third of the amount of future benefits now payable in lump sum. The three separate awards of attorney's fees total $34,718.00 out of a total judgment amount of $158,837.00.

Under art. 8307, § 5a, attorney's fees are to be paid by the carrier and are limited to a reasonable fee for the prosecution and collection of such claim. An award of attorney's fees on a one-third contingency basis was found proper under § 5a in *Twin City Fire Insurance Co. v. Cortez,* 562 S.W.2d 940, 945 (Tex.Civ.App.—Amarillo 1978), *reversed on other grounds,* 576 S.W.2d 786 (Tex.1978). In that case an attorney experienced in workers' compensation matters and litigation expressed the opinion that a fee of one-third is not only fair but is the usual percentage for Texas plaintiffs' attorneys. *Id.* at 944.

Appellant seeks to distinguish that case from this because in *Twin City* the attorney went on to testify to specific dollar amounts he thought reasonable, depending on whether there was or was not an appeal.

■ We do not find it crucial, as appellant implies, that the jury know how much money counsel for appellees would receive, although the jury could have calculated in dollars the amount in controversy and what an award of 33⅓ percent attorney's fees would represent. Whether the fee awarded was proved reasonable is the relevant question, which we answer in the affirmative. Evidence that the reasonable or usual and customary fee is a contingent fee for a particular percentage of the claim or recovery provides an evidentiary foundation upon which the factfinder can calculate the award. *Texas Farmers Insurance Co. v. Hernandez,* 649 S.W.2d 121, 125 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.). Points of error five and six are overruled.

■ Appellant next asserts error in allowing attorney's fees to be added to the total amount in controversy. The issue on attorney's fees was improperly worded because it suggested to the jury that the attorney's fees would be paid out of the claimants' recovery rather than in addition to it as authorized by § 5a. The judgment follows the dictate of the statute, however,

by ordering attorney's fees as awards separate from the accelerated future benefits, accrued benefits, and 12% penalties. The complaint is without merit since the statute requires the very action that the court took. Point of error seven is overruled.

 Appellant urges, in its eighth point of error, that the court erred in overruling its motion for an instructed verdict in which it challenged the law firm's standing to participate in this maturity suit. It is undisputed and the evidence reveals that twenty-five percent of the death benefits awarded Mrs. Allen and her daughter were to be paid to the law firm of Stradley, Barnett & Stein. Appellant has cited no authority and we have found none which would deny the law firm the right to seek relief under art. 8307, § 5a, since it was legally entitled to a portion of the weekly death benefits. The eighth point of error is overruled.

The last two points of error complain that the court erred in denying appellant's motion for judgment non obstante veredicto. Appellant contends, first, that the award of penalties and attorney's fees is not authorized under the facts of this case because it had no notice or demand relative to late payments and because there is no pleading or proof that its conduct was unreasonable.

This argument largely restates appellant's position under points one and two, and we need not again restate the test by which liability is imposed upon the carrier. We do point out that the standard of reasonableness applies to the amount of attorney's fees awarded and is not the measure used to determine justifiable cause. Further, neither case law nor the statute recognizes any duty on the part of a beneficiary to put the carrier on notice of late payments as a prerequisite to seeking maturation of an award. *Twin City Fire Insurance Co. v. Cortez, supra,* at 943.

Second, appellant argues that maturation of future benefits under art. 8307, § 5a, is in derogation of art. 8306, § 8(d), of the workers' compensation law, which provides that

> [t]he benefits payable to a widow, widower, or children under this Section shall not be paid in a lump sum except in events of remarriage or in case of bona fide disputes as to the liability of the association for the death.

This contention was specifically addressed at length and settled in *Twin City Fire Insurance Co. v. Cortez,* 576 S.W.2d 786, 788–90 (Tex.1978), wherein the Supreme Court found the statutes mutually harmonious. Appellant's ninth and tenth points of error are overruled.

The judgment is affirmed.