**WASHINGTON MUTUAL BANK, Movant,**

v.

**CREST MORTGAGE COMPANY, Respondent.**

No. 3:05 CV 1194 B ECF.

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 28, 2006.

Michael Cavendish, Boyd & Jenerette, Jacksonville, FL, for Movant.

### *MEMORANDUM ORDER*

BOYLE, District Judge.

Before the Court is Washington Mutual Bank's Motion to Confirm Arbitration Award (doc. 1), filed June 1, 2005. After review of the pleadings, the Court **GRANTS** the Motion and **CONFIRMS** the arbitration award of $9,704,075.17, pre-judgment interest of 10% per annum from the date of the award, and post-judgment interest of 4.72% from this day forward.

## I.  BACKGROUND

Movant Washington Mutual Bank ("Washington Mutual") filed this case in order to confirm an arbitration award against Respondent Crest Mortgage Company ("Crest"). In 2003, Washington Mutual and Crest entered into an Agreement regarding the sales of loans. Pursuant to the Agreement,

> In the event a dispute arises regarding this Agreement, the Parties agree that such dispute shall be submitted to final and binding arbitration before the American Arbitration Association (hereinafter "AAA")...The arbitration will proceed in accordance with the rules of the AAA unless all Parties agree to a different procedure.

(Mot.Ex. A) Following an alleged breach of the Agreement in 2004, Washington Mutual initiated arbitration before the AAA. (Mot.Ex. B) Crest did not appear or participate in the arbitration, although the arbitrator found that Crest had been properly served. (Mot.Ex. C) Washington Mutual, thus, secured an award of $9,704,075.17 on March 30, 2005. (*Id.*)

Washington Mutual filed the instant motion in order to confirm the award of the arbitrator. The docket sheet reflects that Washington Mutual served Crest by personal service on both its registered agent and its President. (docs. 6, 7) Crest filed no response with this Court. On November 2, 2005, the Court issued an Order requiring Washington Mutual to demonstrate why this Court had jurisdiction over this matter.[1] (doc. 8) Washington Mutual has now complied (doc. 17), and the Court turns to the merits of its decision.

## II.  ANALYSIS

### A.  *Jurisdiction*

■ Pursuant to 9 U.S.C. § 9, confirmation of an arbitration award is only appropriate when "the parties in their agreement have agreed that a judgment of the court shall be entered upon the award...." Case law out of the Fifth Circuit indicates that if such an agreement does not exist between the parties, the Court lacks jurisdiction to confirm the award. *See Place St. Charles v. J.A. Jones Constr. Co.*, 823 F.2d 120, 124 (5th Cir. 1987); *T & R Enters., Inc. v. Cont'l Grain Co.*, 613 F.2d 1272, 1278–79 (5th Cir.1980); *see also P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866–67 (10th Cir.1999). Review of the Agreement in this case did not reveal an agreement by the parties that a judgment by a court would be entered on the award. (Mot.Ex. A) Therefore, the Court issued its November 2, 2005 Order, requiring Washington Mutual to establish that such an agreement existed.

Washington Mutual responded with two arguments—first, that the phrase "final and binding" in the Agreement permits a court to enter judgment, and second, that the incorporation of the AAA Arbitration Rules also permits a court to enter judgment. (Supp.Mem. pp. 3–4) Because the Court finds it dispositive, the Court will first consider Washington Mutual's second argument.

Although the Court has found no case in the Fifth Circuit considering this issue, many other courts agree that a court has jurisdiction to enter judgment if the arbitration agreement incorporates rules, such as AAA's rules, that permit a court to enter judgment. *P & P Indus.*, 179 F.3d at 867; *Rainwater v. Nat'l Home Ins. Co.*,

---

1. Due to an incorrect address on file for counsel, the Court closed the case when Washington Mutual did not respond to the Court's order. When the error was discovered, the Court granted Washington Mutual's motion to reopen the case.

944 F.2d 190, 192–93 (4th Cir.1991) (per curiam); *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1272–73 (7th Cir.1976); *Oakwood Mobile Homes, Inc. v. Stevens*, 204 F.Supp.2d 947, 950 (S.D.W.Va.2002). In this case, the Agreement specifically incorporates the rules of AAA. (Pl.Mot.Ex. A) In its supplemental briefing, Washington Mutual identifies the applicable rules as AAA's Commercial Arbitration Rules and Mediation Procedures. (Supp.Mem. p. 7) Pursuant to AAA Rule 48(c), "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." (*Id.* p. 10) As such, by incorporating AAA's Rules into their arbitration agreement, the parties have implicitly consented to an entry of judgment by an appropriate court. *See P & P Indus.*, 179 F.3d at 867. Therefore, the Court has jurisdiction to consider Washington Mutual's Motion and will now do so.[2]

### B. Confirmation

■ The Federal Arbitration Act directs courts to confirm arbitration awards unless the award is vacated, modified, or corrected. 9 U.S.C. § 9 (stating "the court *must* grant such an order [to confirm]" (emphasis added)); *see also Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir.2004) (stating that judicial review of arbitration decisions is "extraordinarily narrow"). In this case, Washington Mutual has presented evidence of an arbitration award, and Crest has failed to demonstrate that such award has been vacated, modified, or corrected. Therefore, pursuant to 9 U.S.C. § 9, the Court **GRANTS** Washington Mutual's Motion and **CON-**

**FIRMS** the arbitrator's award of $9,704,075.17.

■ Washington Mutual also requests prejudgment and post-judgment interest. In this case, the arbitrator awarded Washington Mutual "interest at the statutory rate from the date of this Award until paid in full," but did not specify the interest rate. (Mot.Ex. C) When jurisdiction is founded on diversity, as is the case here, state law governs the award of prejudgment interest, while federal law determines post-judgment interest. *Boston Old Colony Ins. Co. v. Tiner Assocs., Inc.*, 288 F.3d 222, 234 (5th Cir.2002); *Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir.1994); *see also* 28 U.S.C. § 1961(a).

■ Turning first to prejudgment interest, the Court must first determine which state's law to apply. District courts sitting in diversity are to apply the choice-of-law rules of the forum state. *Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir.2004). Under Texas law, contractual choice-of-law provisions are typically enforced. *Id.; Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir.2003). Here, the Agreement between the parties specified that California law would govern the contract. (Mot.Ex. A) Therefore, the Court will apply the California prejudgment interest rate, which is 10% per annum. CAL. CIV. CODE § 3289 (West 2005); *see also Arleth v. Freeport–McMoran Oil & Gas Co.*, 2 F.3d 630, 636 (5th Cir.1993) (applying state prejudgment interest law to state law claims). Thus, the Court will award prejudgment interest of 10% per annum from the date of the arbitrator's award, which was rendered on March 30, 2005.

---

**2.** Besides the agreement of the parties, the Court must also possess an independent basis for federal jurisdiction. *Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 653 n. 5 (5th Cir.2000). Here, the Court has diversity jurisdiction, as Washington Mutual and Crest are diverse and the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332.

■ As noted above, federal law governs post-judgment interest. *Boston Old Colony*, 288 F.3d at 234. The federal post-judgment interest rate is governed by 28 U.S.C. § 1961(a), which sets the rate at the weekly average 1–year constant maturity Treasury yield for the calendar week preceding the date of the judgment. At this time, the post-judgment interest rate is 4.72%. Therefore, the Court awards post-judgment interest from this date forward of 4.72%.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that it has jurisdiction over this matter and **GRANTS** Washington Mutual's Motion to Confirm Arbitration Award. The Court **CONFIRMS** the arbitrator's award of $9,704,175.17 and prejudgment interest at a rate of 10% from the date of the arbitrator's award. The Court also awards post-judgment interest at a rate of 4.72%.

**SO ORDERED.**